CRAWFORD *et al.*, commissioners, *v.* GLASGOW *et al.*

Under the act of 1874 establishing the board of commissioners for Bartow county, those commissioners have no power to establish or change any of the militia districts of the county.

December 20, 1890.

County matters.    Militia districts.    Before Judge MILNER.    Bartow superior court.    July term, 1890.

The case was made by petition for the writ of prohibition to prevent the county commissioners from laying out a new militia district. They demurred on the ground that the remedy was by *certiorari* and not by prohibition, and because they had jurisdiction to lay off and create new districts. The judge made the writ absolute, and exceptions were taken.

M. R. STANSELL, for plaintiffs in error.
AKIN & HARRIS, *contra*.

BLANDFORD, Justice.

The question in this case is whether the county commissioners of Bartow county, by the act of 1874 organizing said board of commissioners and authorizing their appointment for the county of Bartow, had authority to establish militia districts. The constitution of 1868 devolved upon the ordinaries of the several counties of this State the right to exercise all the powers as to county matters which had theretofore been exercised by the justices of the inferior court. Section 337 of the code prescribes that the ordinary, when sitting for

county purposes, has original and exclusive jurisdiction over certain subject-matters therein named, one of the same being the establishing and changing of election precincts and militia districts. This power was originally conferred upon the justices of the inferior court in the several counties of the State, but by the adoption of the constitution of 1868, the power to establish and change election precincts and militia districts was conferred upon the ordinaries of the several counties, when sitting for county purposes. The act of 1874 (Acts of 1874, p. 330) establishing a board of commissioners for the county of Bartow, confers upon the county commissioners all powers which, by the constitution of 1868 (Code, §337), were conferred upon the ordinary of the county. The power to establish and change election precincts is distinctly given to the commissioners without conferring the power of establishing or changing militia districts. Hence, we think under this act the board of commissioners of Bartow county had no power or authority to establish or change any of the militia districts of Bartow county. The maxim *inclusio unius est exclusio alterius* applies to this case. So we think the judgment of the court below ought to be

*Affirmed.*