YOUNG, executrix, *et al. v.* GEORGIA HOME INSURANCE COMPANY.

Where a petition was filed, seeking to establish a deed, alleged to have been lost, the court did not err in granting an order permitting the plaintiff to dismiss the case, although the defendants objected thereto, claiming that, under their answer, they were entitled to certain affirmative equitable relief, where it appeared from the answer that the facts stated in such answer did not entitle them to a decree granting the relief sought.

Argued February 12,—Decided July 16, 1908.

Equitable petition. Before Judge Little. Muscogee superior court. May 14, 1907.

The bill of exceptions recites: "The plaintiff [defendant in error] moved in open court to dismiss its petition, to which motion the defendants [plaintiffs in error], through their attorneys, objected, upon the ground that defendants claimed title to said undivided one-half interest in the premises sued for, and denied the averments in the plaintiff's petition, and claimed that the title to said premises was vested in them as tenants in common with the plaintiff; and they prayed that the title to an undivided one-half interest in said land be decreed as vested in defendants, and that the possession of plaintiff be decreed as a possession of a tenant in common with defendants, and not as adverse to the right of pos-

session in defendants, and that a partition of said property be decreed between plaintiff and defendants, and that plaintiff recover an undivided one-half interest in said premises and land." The court entered judgment dismissing the plaintiff's case together with the defendants' cross-petition; to which judgment the defendants excepted. The specific assignments of error are: The court erred in dismissing said cause, because "they say that the subject-matter involved in the petition and in their cross-petition was the same, to wit, the premises sued for; that their averments in their cross-petition were germane, and they prayed for affirmative relief in their said cross-petition; and that the dismissal of said case by the court was error and prejudicial to their rights."

The defendant in error in its petition alleges, that, prior to the 4th day of August, 1862, John Banks and Frank W. Dillard were owners of certain premises (land sued for) ; that on the 4th of August, 1863, it purchased from John Banks and F. W. Dillard, at the price of $20,000, the premises, and paid the purchase-price; that John Banks and F. W. Dillard each made a separate deed, conveying his one-half undivided interest in the land; that it entered into possession, and has ever since ,been in the public, continuous, exclusive, peaceable, and adverse possession, under a claim of right, of the whole of said premises, and has received the rents and profits, and has paid the taxes and charges thereon, and made repairs and improvements; that the deed made by John Banks, conveying his undivided interest, has been lost or destroyed and can not be found, and petitioner attaches as an exhibit a copy of said deed; that John Banks died testate in 1870, and bequeathed his property to his wife, Sarah Banks; and that Sarah Banks died in 1881, testate, and bequeathed her property to the children of John and Sarah Banks. The petition set forth the names of these children and their descendants, who are made defendants. The prayers of the petition, in substance, are: 1st. That the copy deed (from John Banks) be established in lieu of the lost original. 2d. That the title "which formerly belonged to the said John Banks be decreed to be in your petitioner, your petitioner having paid the full purchase-price therefor," and having been in adverse possession for more than 38 years, having paid all taxes and charges thereon and made repairs and improvements during said period. 3d. For general relief.

The plaintiff, prior to making its motion to dismiss its case, moved to strike certain portions of the answer and cross-petition of the defendants; and the court announced that he would strike from the answer and cross-petition certain portions. But no order was ever taken or signed by the court, striking said language or portions of the cross-petition, for the reason that petitioner moved the court to dismiss its case, which motion was granted. The defendants, to prevent their case being referred to an auditor by the court, did strike from their cross-petition their 4th prayer which was for an accounting of the rents received, and an order to this effect was taken and signed by the court. The cross-petition and answer denies the averments of the petition as contained in the 2d, 3d, and 4th paragraphs; admits the death of John Banks in 1870, testate, but avers that he was 73 years of age and was feeble in mind and body and had been for years prior to his death; admits the death of Sarah Banks, and the averments as to children, and avers that John Banks owned the property, improved it, and rented it during the war to F. W. Dillard, quartermaster of the Confederate government, for storage of supplies, and that Dillard entered into possession as tenant of Banks; that it was rumored and understood by the members of the family of John Banks that Dillard had induced John Banks to sell and convey to him the title to said property, and that he had procured the title for a nominal sum in Confederate money, and, although they knew the infirm condition of John Banks, both in mind and body, yet they had not then, and have not now, any disposition to attack or question any of the deeds of conveyance executed, signed, sealed, and delivered by John Banks, their ancestor. They aver, that they never heard, until the filing and service of this suit, that John Banks conveyed only an undivided one-half interest in the lands to Dillard; that they never heard of the plaintiff having received any title from John Banks to an undivided half interest in said land, or to any interest in said land whatever; that John Banks never made, executed, signed, sealed, and delivered any conveyance of title to the plaintiff; that the copy deed sought to be established as a correct copy of a lost original is not a copy, and that there never existed an original deed as claimed in said petition; that no demand was ever made by them on plaintiff for possession, nor did plaintiff ever give to them any express notice of holding said lands adversely

to them as heirs at law of John Banks or as legatees or heirs at law of Sarah Banks; and that the possession was allowed to pass out of defendants, as is hereinbefore stated, and that no actual ouster has ever been made. Wherefore they deny the averments in plaintiff's petition, and demand strict proof of the same, and say that the title to an undivided one-half interest in said land and premises is vested in them as tenants in common with the plaintiff. By way of cross-petition they pray: 1st. That the title to an undivided one-half interest in said land be decreed and vested in defendants. 2d. That the possession of plaintiff be decreed as a possession of a tenant in common with defendants, and not as adverse to the right of possession of defendants. 3d. That a partition of said property be decreed between plaintiff and defendants, and that defendants recover an undivided one-half interest in said premises and land. 4th. That such other full and complete justice be decreed to the defendants as may seem meet and proper.

*S. B. Hatcher, T. T. Miller,* and *A. A. Carson,* for plaintiffs in error.

*C. E. Battle, Goetchius & Chappell,* and *J. H. Lewis,* contra.

BECK, J. (After stating the facts.) The court below did not err in allowing the plaintiff to dismiss its petition. The plaintiff's petition is not merely the statutory proceeding to establish a lost deed. It contained allegations entitling it to certain equitable relief, which was prayed for, and process was prayed for and issued. That being true, an order of dismissal upon petitioner's own motion should not have been granted if the answer of the defendants, in addition to allegations purely responsive, set up matters which made a case entitling them to affirmative relief. This, however, we think it failed to do. The first five paragraphs of defendants' answer, so far as they contain material averments, are purely responsive to the petition, and contain nothing which would prevent a dismissal. And, omitting matter which was totally immaterial in the remainder of the answer, it contained a vague attempt to set up facts to show title in defendants to an undivided one-half interest in the property in dispute. While defendants do allege that the title to an undivided one-half interest in the property is vested in them and that they are tenants in common with plaintiff, this allegation is nothing more than a conclusion; and when we look to the allegations of fact upon which this conclusion is

predicated, they seem to be lacking in clearness, positiveness, and directness. They do not clearly and plainly state a case authorizing the conclusion stated, to wit, that they are tenants in common with plaintiff. Paragraphs 6, 7, 8, and 9 of the answer embrace no matter germane to the cause of action. It is stated in the brief of counsel for defendant in error that all of paragraphs 6 and 7 were stricken upon special demurrer, but we find no order in the record sustaining a special demurrer to the paragraphs mentioned. But whether they be true or not, they do not set forth facts of sufficient materiality to alter the conclusion that we have reached. The remainder of the answer, omitting the prayer, is as follows: "Paragraph 10: Defendants aver that it was rumored and understood by the members of the family of John Banks, that said F. W. Dillard had induced said John Banks to sell and convey to him the title to said property; and that he had procured the title for a nominal sum in Confederate money. And, although they knew the infirm condition of John Banks both in mind and body, yet they had not then, and have not now, any disposition to attack or question any of the deeds of conveyance executed, signed, sealed, and delivered by John Banks, their ancestor. Paragraph 11: But defendants aver that they never heard, until the filing and service of this suit, that John Banks only conveyed an undivided one-half interest in said lands, or to any interest in said lands whatever. Wherefore, they deny that John Banks ever made, executed, signed, sealed, and delivered any conveyance of title to said plaintiff; and [aver] that the copy of the deed sought to be established as a correct copy of a lost original is not a copy, and there never existed an original deed as claimed in said petition. Par. 12: Defendants aver, that, being of the opinion that John Banks had conveyed the entire title to F. W. Dillard, who had entered into possession as the tenant of John Banks, at the close of the war, amid the desolation caused thereby, and with the said John and Sarah Banks in their old age and infirmity, incapacitated to look after business, and their sons residing out of the county, no investigation was ever made into the state of the title of John Banks to said land; but the matter was allowed to pass, the family believing that John Banks had conveyed the entire title and not simply an undivided one-half interest to F. W. Dillard. Defendants aver that they never heard of plaintiff claiming any title from John Banks until this

suit was filed and served upon them. Par. 13: They aver that no demand was made by them on plaintiff for possession, nor did plaintiff ever give to them any express notice of holding said lands adversely to them as heirs at law of John Banks, or as legatees or heirs at law of Sarah Banks; and that the possession was allowed to pass out of defendants, as is hereinbefore stated, and that no actual ouster has ever been made. Par. 14:. Wherefore they deny the averments in plaintiff's petition, and demand strict proof of the same; and say that the title to an undivided one-half interest in said land and premises is vested in them as tenants in common with the plaintiffs." We have set forth at length this extract from the answer, because it illustrates forcibly the comments which we have made as to the attempt upon the part of the defendants to state a case which would entitle them to affirmative equitable relief. The defendants aver that "it was rumored and understood by the members of the family of John Banks" that the said Banks had conveyed out of himself to one Dillard the entire title to the property in controversy, and the defendants insist that they "have not now any disposition to attack or question" that conveyance. They do deny that they had ever "heard, until the filing and service of this suit, that John Banks only conveyed an undivided one-half interest in said lands to said F. W. Dillard. They further aver, that they never heard of the plaintiff having received any title from John Banks to an undivided half interest in said lands, or to any interest to said lands whatever." "Wherefore they deny that John Banks ever executed . . any conveyance of title to said plaintiff." The use of the word "wherefore," and the connection in which it stands, is to be especially noted; it converts a positive denial into a denial that is to be construed in connection with the preceding and accompanying allegation in the answer. The second paragraph of the petition alleges that on the 4th day of August, 1863, petitioner purchased the property in question from John Banks and F. W. Dillard, each of whom executed to the president of the plaintiff company a deed in fee simple to an undivided one-half interest in the property in question. The answer, in response to that paragraph of the petition, avers that defendants, for want of sufficient information, are unable to admit "the averments made in the second . . paragraph of plaintiff's petition, and demand strict proof of every averment contained in said

paragraph." And, as we have observed above, in paragraph 11, there is a qualified denial of the execution of such a conveyance by John Banks, the defendants alleging that the "understanding and belief" and "the opinion" were that John Banks had divested himself of title to the property in question by a conveyance to Dillard. Taking into consideration the vague and unsatisfactory allegation tending to show title in the defendants, and bearing in mind the rule that pleadings are to be construed most strongly against the pleader, we do not think that the court erred in holding that the petitioner should be allowed to dismiss the case, especially as care was taken, in framing the order, not to impair any rights that the defendants might have in a proper suit to set up and establish their rights to the property in question, if, after final investigation, they should determine that "the understanding and belief" that John Banks had conveyed all of his title and interest in the property to Dillard was a mistaken belief and understanding, and that as a matter of fact an undivided one-half interest in the property was vested in John Banks at the time of his death, so as to pass to his heirs at law upon his demise.

*Judgment affirmed. All the Justices concur.*