### 10087.  YOUNGBLOOD *v.* ARMOUR FERTILIZER WORKS.

BROYLES, P. J.  1. "In an action to recover specific chattels, no counterclaim is possible, unless, perhaps, equitable relief may be awarded under some very exceptional circumstances." Pomeroy, Code Remedies, § 767; *Harden* v. *Long*, 110 *Ga.* 392, 399 (36 S. E. 100).

2. In an action of trover, recoupment in the nature of damages can not be pleaded by the defendant, nor adjudicated, unless some special equity, such as non-residence or the insolvency of the plaintiff, is shown. *Bell* v. *Ober*, 111 *Ga.* 668 (3), 673 (36 S. E. 904).

3. A foreign corporation doing business in this State and having agents located therein for that purpose is a non-resident corporation within the meaning of the decision in *Bell* v. *Ober*, supra. *Reeves* v. *Southern Ry. Co.*, 121 *Ga.* 561 (49 S. E. 674, 70 L. R. A. 513, 2 Ann. Cas. 207).

4. Under the principles of law stated above and the facts of this case, the cross action of the defendant could not be maintained. It was therefore not error for the court in granting the motion of the plaintiff to dismiss its action in trover, to rule that this dismissal carried with it the defendant's cross action for damages.

5. The only assignment of error in the bill of exceptions is as follows: "After the submission of the foregoing evidence the court passed the following order: 'Upon motion of counsel for the plaintiff it is ordered and adjudged by the court that the petition in this case be, and the same is hereby, dismissed, carrying with said dismissal the cross-bill filed by the defendant.' To the judgment of the court dismissing said petition and the answer of the defendant therein the plaintiff in error excepted, and now excepts and assigns the same as error, upon the ground that the same was contrary to the law." This exception does not raise the point (argued in the brief of counsel for the plaintiff in error) that the dismissal of the plaintiff's action operated as a judgment of restitution and that the defendant was entitled to "either a verdict by the jury restoring his property to him, or a judgment by the court for the value thereof." Moreover, this principle of law is not applicable in the instant case, as the property was never replevied by the plaintiff. Compare *Barfield Music House* v. *Harris,* 20 *Ga. App.* 42, 44, 45 (92 S. E. 402).

        *Judgment affirmed. Bloodworth, and Stephens, JJ., concur.*

DECIDED MAY 14, 1919.    REHEARING DENIED MAY 16, 1919.

Trover; from Taylor superior court; Judge Howard.    March 29, 1918.

*Jere M. Moore, C. B. Marshall,* for plaintiff in error.

*C. W. Foy,* contra.