## 10412. HARVEY v. BOYD et al.

LUKE, J. 1. The code provisions with reference to a retraxit (Civil Code (1910), §§ 5624, 5625) are derived from the English common law, and must be construed accordingly. 3 Bl. Com. 286; 7 Stand. Enc. Proc. 652.

2. At common law a retraxit differed from a voluntary withdrawal by the plaintiff of his action, in that a retraxit terminated both the action and the right of action, while such a withdrawal terminated the action only, leaving in the plaintiff the right to recommence his suit upon the same alleged right. The pending action was dismissed as effectively by the one as by the other. Neither could be entered except in open court, nor even then without leave of the court, nor at all if it worked prejudice to any other party, either defendant or coplantiff. See 7 Stand. Enc. Proc. 656 (b), and citations in note; 18 C. J. 1152, § 5, and notes.

3. By the act approved December 23, 1843 (Cobb's Digest, 475), from which section 5627 of the Civil Code of 1910 is derived, a plaintiff is given the same right to dismiss his action in vacation that he previously had, and still has, to dismiss it in term time. Except as changed by the statute, the common-law rule stated above is still of force in this State. Cobb's Digest, 721. The present law in point is more fully stated in section 5548 of the Civil Code of 1910, which is derived from a blending of the common-law rule and statute-law rule above mentioned. But "any right of the defendant" as expressly preserved by the code section last cited is no more sacred and is no better protected by the law than are the rights of a coplaintiff or any other party at interest.

4. From what is said above it follows that where, as in this case, the action is brought by two persons jointly, and a retraxit is entered by one of them, without the express consent of the other, the court does not err in refusing to dismiss the action as to the other plaintiff and in permitting him to continue it in so far as his own rights in the subject-matter of the suit are concerned.

5. If the action be construed as brought by two equal copartners on a right of action belonging to the firm, then neither partner has a right to enter a retraxit for the firm without the express consent of the other partner. Civil Code (1910), §§ 3169, 3171, 3172, 3175.

6. For no reason assigned did the court err in overruling the demurrer of the defendant, or in overruling the motion of the defendant to dismiss the plaintiff's petition.

*Judgment affirmed. Bloodworth, J., concurs. Broyles, C. J., dissents.*

DECIDED DECEMBER 10, 1919.

Complaint; from city court of Floyd county—Judge Nunnally. February 25, 1919.

*M. B. Eubanks,* for plaintiff in error.

*Nathan Harris, L. H. Covington,* contra.

BROYLES, C. J., dissenting. This was a joint suit brought upon a joint contract, by two persons,—partners, and their petition shows that the cause of action was a joint one. After the retraxit of one of the plaintiffs was filed, no amendment to the petition was offered by the remaining plaintiff to meet the changed condition of the case caused by this retraxit. The right of action was joint, and if one of the plaintiffs could not recover, the pending suit could not, at least without proper amendment, be prosecuted by the other plaintiff. I think the court erred in refusing to dismiss the case.