COX *v.* STOWERS.

No. 16409.   NOVEMBER 17, 1948.   REHEARING DENIED NOVEMBER 30, 1948.

*Everett C. Brannon* and *Joseph G. Collins,* for plaintiff in error.
*Wheeler, Robinson & Thurmond* and *Johnson & Johnson,* contra.

HEAD, Justice. Mrs. Cox, plaintiff in error in this court, was plaintiff in the court below, and will be referred to as the plaintiff. Mrs. Stowers, defendant in error in this court, and defendant in the court below, will be referred to as the defendant.

Error is assigned in the bill of exceptions on the judgment of the trial court allowing an amendment to the answer of the defendant after the plaintiff had dismissed her action, and to the appointment of a receiver. If the contentions of counsel for the plaintiff should be sustained, the dismissal by the plaintiff of her petition disposed of the pending case, and nothing was left in court to support any further proceedings. It is not contended by counsel for the defendant that the plaintiff could not dismiss her action in the court below. Her right to dismiss her petition is amply supported by the law of this State. Code, § 3-510; *Davenport* v. *Hardman,* 184 *Ga.* 518 (192 S. E. 11). It is contended by counsel for the defendant, however, that the defendant had a plea of setoff against the plaintiff and had sought a re-

covery from the plaintiff, and that the dismissal of the plaintiff's petition did not, therefore, carry with it the defendant's answer.

The defendant's contention that she was entitled to proceed against the plaintiff is based on allegations in her answer that she had paid the funeral expenses of the deceased, two notes upon which the deceased was a joint maker or endorser with a former husband of the plaintiff, and certain taxes; that the husband of the defendant in 1908 had received from the estate of the defendant's father and mother the sum of $500, which he had never accounted for to the defendant; and that she was entitled to a second year's support.

The law of this State does not confer upon the widow, where there are other heirs, any right to take charge of the personal property of the estate and convert it to her own use. Code, § 113-1102. If the widow of the deceased pays debts of the estate of her deceased husband, or if she is otherwise a creditor of his estate, she can not recover against the other heirs at law without making the administrator of the intestate a party. *Goff v. National Bank of Tifton*, 170 *Ga.* 692 (153 S. E. 767). The funeral expenses and notes of the deceased were debts of the estate of C. M. Stowers. Code, § 113-1508. The allegations in the defendant's answer, that the deceased had received money belonging to her, would not authorize a recovery against the plaintiff. If the estate of C. M. Stowers is solvent, the defendant may recover such lawful demands against his estate as she can establish after an administrator of his estate is appointed. The allegation of the defendant, that she is entitled to a second year's support, is not a claim against the plaintiff. If the defendant desires a second year's support, her petition must be addressed to the ordinary. The statutes authorizing a year's support for the widow are in derogation of the common law and must be strictly construed. Courts of ordinary under the statutes of this State have exclusive jurisdiction to set aside a year's support. Code, § 113-1002.

Setoff is a defense which sets up a demand against the plaintiff to counterbalance his demand in whole or in part. Code, § 20-1301. Between the parties any mutual demands existing at the time of the commencement of the action may be set off. § 20-1302. "A mutual account is one based on a course of deal-

ing, wherein each party has given credit to the other, on the faith of indebtedness to him." *Gunn* v. *Gunn*, 74 *Ga.* 555 (58 Am. R. 447). "A transferred chose in action which can be sued on in the name of the assignee may be used as a setoff." *Nix* v. *Ellis*, 118 *Ga.* 345 (45 S. E. 404, 98 Am. St. 111). Debts due the widow by the estate of her deceased husband are not based "on a course of dealing" with an heir, or heirs, of his estate, and can not form the basis of an action by the widow against the other heir, or heirs, without making the legal representative of the estate of the deceased a party thereto. The items relied upon by the defendant to support her contention that her answer contained proper matters for setoff against the plaintiff are not such demands as could have been maintained by the defendant in a direct proceeding against the plaintiff; and equity will not sanction a proceeding to accomplish indirectly that which the law prohibits.

It was error for the court to allow an amendment to the defendant's answer after the plaintiff had dismissed her original petition, since such dismissal had the effect of disposing of the entire case, and the further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*