45672.   HANGAR CAB COMPANY, INC. v. CITY
OF ATLANTA et al.

EBERHARDT, Judge. Hangar Cab Company sued the City of Atlanta and E. Jack Smith, d/b/a E. Jack Smith Construction Company, for contribution under *Code Ann.* § 105-2012, alleging that it had paid to a fare-paying passenger in its cab the sum of $3,180 in settlement of a claim for personal injuries arising when the cab had run into a pile of unlighted dirt and a manhole cover which the city had raised in a street preparatory for its surfacing by Smith, the contractor, and that the settlement was made "to avoid a more costly settlement which would occur in the event [the passenger] resorted to litigation in this court." It does not appear that the city was given notice of any claim against the city by Hangar Cab Company or by anyone acting in its behalf, though notice of the passenger's claim was given. Motions to strike certain allegations of the complaint were sustained, as well as a motion to dismiss because it failed to state a claim upon which relief could be granted. Hangar Cab Company appeals *Held:*

Pretermitting the matters of whether the cab company's passenger may have had a claim for damages against either the city or the contractor, and of whether the ante litem notice given to the city by the passenger could inure to the Cab Company's benefit (see in this connection *Jones v. City Council of Augusta,*

100 Ga. App. 268 (110 SE2d 691); *Campbell v. City of Atlanta,* 117 Ga. App.. 824 (162 SE2d 213)), we find no error in the sustaining of the motion to dismiss. Independently of Ga. L. 1966, p. 433 (*Code Ann.* § 105-2012), no right of contribution exists in favor of one tortfeasor against another, when the first had made settlement with one having a claim for damages against both. *Advanced Refrigeration v. United Motors Service,* 69 Ga. App. 783 (26 SE2d 789). Before a claim for contribution can arise under *Code Ann.* § 105-2012 it must appear that a judgment has been entered in favor of the party with whom settlement has been made and against the tortfeasor who claims contribution because of the payment made. *Thornhill v. Bullock,* 118 Ga. App. 186 (2) (162 SE2d 886) (cert. denied). Consequently it affirmatively appears that plaintiff has no right of contribution upon which to proceed against the defendants whom it alleges to have been joint tortfeasors, and dismissal of the complaint was proper.

It is unnecessary to decide whether there was error in the sustaining of the motions to strike.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED OCTOBER 5, 1970—DECIDED OCTOBER 15, 1970..

*Joseph J. Anthony,* for appellant.

*Henry L. Bowden, Martin McFarland, Harvey, Rhodes & Willard, E. C. Harvey, Jr.,* for appellees.