45804. HOSPITAL AUTHORITY OF EMANUEL COUNTY v. GRAY.

DEEN, Judge. This is an appeal from (a) an order sustaining the motion of cross defendant, Dr. Gray, for judgment on the pleadings against the Hospital Authority of Emanuel County, co-defendant in the main case and plaintiff in the cross action; (b) denying the cross plaintiff's motion to strike amendments to the cross defendant's answer in the main case; (c) denying cross plaintiff's motion for judgment on the pleadings; and (d) its motion for summary judgment on the issue of liability.

Mrs. Fountain brought an action for malpractice naming as defendants Dr. W. E. Gray, Jr., Dr. Herbert R. Frost and Hospital Authority of Emanuel County. The Authority answered setting up various defenses and cross claimed against Dr. Gray on the ground that any negligence was his, that he had not been au-

thorized to use the facilities of the hospital to perform the surgery resulting in the alleged injury, and that the admission of plaintiff to the hospital was in violation of various regulations of the hospital. The sole prayer of the cross complaint was for "judgment against Dr. W. E. Gray, Jr. for all sums that may be adjudged against cross complainant in favor of Mrs. Fountain." Thereafter, on March 19, 1969, the plaintiff entered into a covenant not to sue the Authority, as a result of which the Authority was dismissed as a party defendant. On December 30, 1969, a consent order signed by the court and all remaining parties was filed of record, reciting that the plaintiff's claims had been settled, costs of court paid, and the action dismissed with prejudice. In June of the next year, the Authority attempted to amend its pleadings and to seek judgment against Dr. Gray for the sums formerly expended by it to obtain the covenant not to sue. *Held:*

1. Prior to Ga. L. 1966, p. 433 (*Code Ann.* § 105-2012 (1)) one joint and several tortfeasor could not sue the other for contribution unless judgment had been obtained against both. After the amendment of subsection 1, one joint and several tortfeasor cannot sue the other for contribution unless judgment has been obtained against and paid off by the one seeking the contribution. *Hangar Cab Co. v. City of Atlanta,* 122 Ga. App. 661 (178 SE2d 292). This eliminates the right of contribution in cases involving voluntary covenants not to sue.

2. Appellant here contends that it is not asking for contribution but is seeking to recover damages against Dr. Gray for sums which it was forced to expend to obtain the covenant not to sue as the cheapest way out of a situation caused solely by the negligence of the co-defendants if negligence was in fact involved. It sought to amend its cross petition and change its prayers so as to proceed on the theory of damages incurred by reason of the lawsuit. However, at the time the case was settled and dismissed in December 1969, all that the appellant sought was a judgment over *in the event that* a judgment was entered against it. The consent order dismissing the case affirmatively established that thereafter no judgment could be entered against anybody, and the case ceased to be pending at that

time. Since it was not pending it could not be amended six months later in an effort to convert it into a damage suit by one co-defendant against another. The cross action is not saved by *Code Ann.* § 81A-141 (a) providing that after the filing of a counterclaim the case cannot be dismissed over the counter-claimant's objection unless the counterclaim (or, as here, cross claim) can remain pending for independent adjudication, be-cause at the time of the dismissal the cross claim was for con-tribution only and the dismissal of the whole case eliminated this issue.

The ruling of the trial court sustaining the motion for judgment on the pleadings is without error, and the remaining enumer-ations of error are unnecessary to be considered.

*Judgment affirmed. Bell, C. J., concurs. Pannell, J., concurs specially.*

SUBMITTED JANUARY 4, 1971—DECIDED FEBRUARY 4, 1971—
REHEARING DENIED MARCH 5, 1971—CERT. APPLIED FOR.

*W. Ward Newton,* for appellant.

*Oliver, Maner & Gray, Thomas S. Gray, Jr.,* for appellee.

PANNELL, Judge, concurring specially. 1. I concur in the result reached by the majority opinion, that is, that the cross claim of the hospital against Dr. Gray was effectively dismissed by the dismissal of the main case, even if it were not dismissed by the dismissal of the hospital as a party defendant. The Code of 1910 (§ 5548) provided: "A petitioner may dismiss his petition at any time, either in term or vacation, *so that he does not thereby prej-udice any right of the defendant.* If claims by way of set-off *or otherwise* have been set up by the answer, the dismissal of the petition shall not interfere with the defendant's right to a hearing and trial on such claims in that proceeding." (Emphasis supplied.) This section was derived in part from a blending of the common law rule and the statute law rule. *Harvey v. Boyd,* 24 Ga. App. 561 (3) (101 SE 708). Section 3-510 of the Code of 1933 further modified this particular Code section by combining it with portions of others of the Code of 1910 (§§ 4348 and 5627). Section 3-510 reads as follows: "The plaintiff in any action, in any court, may

dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant, and if done in term time, the clerk of the court or justice of the peace shall enter such dismissal on the docket. After a plea of set-off *or otherwise* shall have been filed, the plaintiff may not dismiss his action so as to interfere with said plea, unless by leave of the court on sufficient cause shown, and on terms prescribed by the court." (Emphasis supplied.) This codification made some change in the language but no change in the law. Were this Code section now in effect and applicable here, an entirely different question would be raised, but this Code section has been repealed by Sec. 135 of the Civil Practice Act (Ga. L. 1966, pp. 609, 687) and a new section (Section 41 of the Civil Practice Act, *Code Ann.* § 81A-141) enacted. The new law on voluntary dismissals, applicable to all courts of record, provides: "Subject to the provisions of section 23 (c), of section 66, and of any statute, an action may be dismissed by the plaintiff, without order of court, by filing a written notice of dismissal at any time before verdict. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. A dismissal under this paragraph is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim." It will be noted that the new law eliminates as a condition to voluntary dismissal the provision that claimant "shall not thereby prejudice any right of the defendant," eliminates the provision that a voluntary dismissal cannot be had without an order of court and the words "after a plea of set-off *or otherwise* shall have been filed," and substitutes in lieu thereof the following: "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." The language "unless the *counterclaim* can remain pending for independent adjudication by the court" was taken from the language in the Federal Act, and re-

ferred to questions of jurisdiction not relating to venue, such as the amount involved and diversity of citizenship. See Wall v. Connecticut Mutual Life Ins. Co., 2 FRD 244; 5 FR Serv. 41a22, Case 5. We have no such problems in the present case, as no counterclaim is involved. As I construe Section 41 of the Civil Practice Act, in the particulars here involved, a voluntary dismissal carries the entire case with it, subject to the right of a defendant to object if he has filed a counterclaim, *and in that instance only.* There is no mention of cross actions, as defined in the new practice Act. It therefore appears that upon application of the principle "expressio unius est exclusio alterius," or probably more properly, "expressum facit cessare tacitum," only a counterclaim filed by a defendant now survives a voluntary dismissal by a plaintiff of the whole action. In this particular and others, the provisions of our Civil Practice Act differ considerably from the Federal Rules. Rule 41, Federal Rules of Civil Procedure. As early as 1851, the Supreme Court of this State in *Parham v. Justices &c. of Decatur County,* 9 Ga. 341, recognized this principle as to the construction of a statute, and in so construing the statute involved, held it was unconstitutional. I quote from that case as follows: "It is not pretended that there is any authority for the laying out and opening this road, but the general Acts before referred to. The only provision of law for making compensation in cases of a public road, is found in the second section of the Act of 1799, which was re-enacted by the 34th section of the Act of 1818. The 2d section of the Act of 1799, is in these words: 'And when any person or persons shall feel him, her or themselves aggrieved by reason of any road being laid out through his, her or their enclosed ground, it shall be the duty of any two or more of the justices of the inferior courts, on application in writing by the person or persons injured, to issue a warrant, under their hands, directed to the sheriff of the county, to summon a jury of freeholders, who shall be sworn to assess such damages, and that the sheriff shall make and return a true inquisition thereof to the next inferior court; and it shall be the duty of such court to order the amount of damages so assessed, to be paid out of the next county tax, or out of any public moneys belonging to the county fund: Provided, nevertheless, that when it shall appear to

the inferior court, that the damages so assessed transcend the utility of that part of said road, such court shall order the same to be altered in such manner as to avoid the enclosed ground so damaged, unless the person complaining shall agree to accept such compensation as shall be deemed just and reasonable by said court.' Prince, 733, 740.

"This law makes provision for compensating the owner only when a public road is laid out through his enclosed ground. There is not, so far as I can ascertain, any provision in our laws for compensating the owner, where a road is laid out through his unenclosed or ·wild lands. Nor does it seem that this is a legislative oversight, for by designating enclosed grounds, they are to be held, as of purpose, excluding all other grounds. Expressio unius est exclusio alterius. Whatever may have been the reason of excluding other lands than enclosed lands from compensation; . . . it is true, that they were excluded by the Act of 1799, and to this day they remain excluded." In another case, *White v. Clements*, 39 Ga. 232, 265, the Supreme Court of this State in construing a provision of the Constitution of this State applied the same rule: "Constitutional guarantees are either expressed or implied. Art. I, Sec. 8, of the Constitution of the State, which declares that no person shall be put in jeopardy of life or limb more than once for the same offence, is an instance of an express guarantee. But there are implied guarantees which are just as inviolable as are those expressly enacted. The Constitution does not, for instance, in express terms, forbid the legislature from adding new classes to the class of electors. It says that every male citizen twenty-one years of age, etc., shall be deemed an elector, but it does not say that none others shall be made such.

"The very fact, however, that the Constitution declares certain persons entitled to vote, is, by implication, a denial of that right to all others, and when it declares that certain things shall disqualify a citizen from exercising the right to vote, it by necessary implication, prohibits the legislature from adding new disqualifications. So, too, if the Constitution prescribes a qualification for an officer, it by necessary implication denies to the legislature the power to fix new and other qualifications.

"'The expression of one thing is the exclusion of others,' is a settled and sensible rule for the construction of statutes and constitutions."

Just as the legislature here set forth the type of pleadings of a defendant which would withstand a dismissal of the claimant's petition the legislature by implication excluded other types of pleading and therefore the court here is powerless to add additional pleadings of a defendant which would withstand the voluntary dismissal of the claim.

However, even should this be an erroneous application of the principle just discussed, another principle of construction would be controlling, and by that rule of construction the same result would be reached, and that is that where a legislative Act contains certain provisions granting rights as to a subject matter and a new Act omits such a provision, it by implication forbids anything not permitted. In *Webb v. Alexander,* 202 Ga. 436 (43 SE2d 668), it was held that where the General Assembly by a later Act omitted a provision in a former Act authorizing certain proceedings by the solicitor general, it must be presumed that the General Assembly had knowledge of the previous Act and intended to withdraw from the Solicitor General the express authority given under the former Act. So here we must presume that the legislature by eliminating the language above referred to intended to withdraw from the Act the right of a defendant to proceed with any pleading other than a counterclaim if, and when, the complainant dismissed his entire claim. *Crawford v. Glasgow,* 86 Ga. 358 (12 SE 747). See also *Norman v. Walker,* 123 Ga. App. 413, in which a third-party complainant's appeal from the overruling of his motion for new trial was held moot, after the voluntary dismissal of the complaint, and this court, after quoting and citing Section 41 of the Civil Practice Act, said: "If the appeal is granted and a new trial ordered, can the appellant obtain any relief against this defendant? The answer is in the negative, as the dismissal leaves no case pending in the court below."

2. However, even should we assume that a cross complaint, as defined in the Civil Practice Act, may survive the dismissal by the plaintiff, yet, if such cross complaint at the time of the dismissal failed to state a claim for affirmative relief, it goes with the plain-

tiff's dismissal. See in this connection *Young v. Ga. Home Ins. Co.,* 131 Ga. 54 (61 SE 1119); *Cox v. Stowers,* 204 Ga. 595 (50 SE2d 339); *Youngblood v. Armour Fertilizer Works,* 23 Ga. App. 731 (4) (99 SE 314). See also *Norman v. Walker,* 123 Ga. App. supra. The cross complaint, therefore, having been effectively dismissed by the dismissal of plaintiff's petition, the new matter sought to be engrafted by the plaintiff in the present case was ineffectual to revive the cross complaint as there was nothing to amend by. See *Harris v. Hines,* 59 Ga. 427.