## 47455. LEWIS CARD & COMPANY v. LIBERTY MUTUAL INSURANCE COMPANY et al.

EBERHARDT, Presiding Judge. Fabrica Nacional de Alfombras, S. A., a Venezuelan corporation, brought suit against Lewis Card & Co. Inc., (now Card & Co., Inc.), Horne Heavy Hauling, Inc. (and its insurer Georgia Casualty & Surety Co. (Ga. L. 1937, pp. 727, 728; *Code Ann.* § 68-509)), and Georgia Ports Authority, alleging that it purchased textile machinery from Card in Chattanooga, Tennessee; that Horne, a common carrier, transported it in a pre-rigged wooden container from Chattanooga to the docks of the Ports Authority at Savannah for offloading prior to being loaded aboard a vessel for shipment to Venezuela; and that during removal from Horne's vehicle at the docks the machinery was dropped resulting in damage in the amount of $14,368.34. It was alleged that Card was negligent in prerigging the wooden container for shipment with wire lifting slings in a manner which barely allowed enough room for the insertion of a cargo hook, and that this method of rigging caused an undue strain to be placed upon the cables; that Horne was negligent in failing to ascertain that the rigging of the container was deficient, and in improperly supervising the offloading of the container from its vehicle; that the Authority was negligent in the operation of its crane in the offloading, subjecting the wire sling to an uneven strain, causing it to break; and that the negligence of all defendants concurred to cause the damages for which they were jointly and severally liable. Card impleaded its liability insurer, Liberty Mutual Insurance Company, alleging that if plaintiff recovered of Card, Liberty Mutual was liable over to it under coverage afforded by the policy.

The trial court entered judgments sustaining the motions for summary judgment of original defendants Horne (and its insurer Georgia Casualty) and the Ports Authority, and also entered judgments sustaining a motion for judg-

ment on the pleadings and for summary judgment of third-party defendant Liberty Mutual. Card, original co-defendant and third-party plaintiff, appeals from all the judgments. Original defendants Horne (and Georgia Casualty) and the Authority have moved below and here to dismiss the appeals as to each respectively. *Held:*

1. The motions to dismiss are predicated upon *Southeastern Erection Co. v. Flagler Co.,* 108 Ga. App. 831 (134 SE2d 822), where we held that a co-defendant in a tort action has no standing to appeal the judgment granting another co-defendant's motion for summary judgment since the right to do so is dependent upon the right of contribution under *Code Ann.* § 105-2012, which does not come into existence until those who have been sued have had judgment rendered against them upon trial. In response appellant points out that *Flagler* was decided in 1964, and at that time *Code Ann.* § 105-2012, which changed the common law rule of no-contribution, permitted contribution only where judgment was entered jointly against more than one tortfeasor and was paid off by one. In 1966 the statute was amended by adding: "Where the tortious act does not involve moral turpitude, contribution among several trespassers may be enforced just as if they had been jointly sued." Ga. L. 1966, p. 433. However, under the statute as thus amended, no right of contribution arose until a judgment was entered against the tortfeasor seeking contribution. *Thornhill v. Bullock,* 118 Ga. App. 186 (2) (162 SE2d 886) (cert. den.); *Hangar Cab Co. v. City of Atlanta,* 122 Ga. App. 661 (178 SE2d 292); *Hospital Authority of Emanuel County v. Gray,* 123 Ga. App. 415 (1) (181 SE2d 299) (cert. den.). Thus no right of contribution accrued to one tortfeasor who, without judgment having been entered against him, paid sums to the plaintiff in settlement of the claim *(Hangar Cab Co. v. City of Atlanta,* 122 Ga. App. 661, supra) or under a covenant not to sue. *Hospital Authority of Emanuel County v. Gray,* 123 Ga. App. 415 (1), supra.

Then came Ga. L. 1972, p. 132, which amended *Code* § 105-

2012 by adding: "Without the necessity of being charged by suit or judgment, the right of contribution from another or others shall continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property or for wrongful death, and release therefrom." Appellant argues that this amendment provides a right of contribution among joint tortfeasors prior to judgment, and that it has a right of contribution against the codefendants. However, conceding but not deciding this to be correct, the occurrence or event upon which liability depends in this case occurred on July 1, 1968, and *F. H. Ross & Co. v. White,* 224 Ga. 324 (2) (161 SE2d 857) compels the holding that the 1972 amendment is not applicable here.

Moreover, even if it were, it is inconceivable that appellant has a right of contribution against the codefendants when it has made no compromise or settlement with plaintiff. Thus, since appellant has no right of contribution which has come into existence, either by way of judgment or settlement, we must apply the principle of *Flagler* that the right to appeal judgments granting summary judgment to codefendants is dependent upon an existing right of contribution, and the motions to dismiss must be sustained.

2. Appellant and third-party plaintiff Card enumerates as error the judgment sustaining third-party defendant Liberty Mutual's motion for summary judgment. An exclusion in the policy provides that the insurance coverage relied upon by Card does not apply "to property damage to the named insured's [Card's] products arising out of such products or any part of such products." "Named insured's products" is defined as "goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, *including any container* thereof (other than a vehicle) . . ." (Emphasis supplied). Hence the issue here is whether the wire or cable slings pre-rigged by Card for the purpose of lifting

the machinery, which broke or parted while the machinery was being unloaded at the Authority docks, were part of the "container" which had been constructed around the machinery. In this connection appellant states in its brief: "Appellant concedes that something permanently affixed to a container for the purpose of carrying, such as a handle on a bucket, is a part of the container: And if the handle on the bucket was defective the ordinary man on the street would understand that you had a defective bucket or defective container."

To escape this self-evident proposition appellant contends that the slings should be considered "temporary wires, placed around the container to lift it." Unfortunately, the lengthy evidence, highlighted at the end of this opinion, is clear and undisputed that the cable slings were deliberately designed by Card into the container unit in accordance with custom in the packing of heavy textile machinery, for the purpose of allowing it to be picked up in a particular manner, and that the slings were designed and constructed by Card to be used for lifting purposes throughout the useful life of the container unit. In Card's terminology, it designed this particular handle for this particular bucket, affixed it thereto in the manufacturing process, and meant for no other handle to be used prior to dismantling of the container unit after delivery. As there is no issue of fact as to these matters, summary judgment was properly granted to Liberty Mutual.

3. Since summary judgment was properly granted to Liberty Mutual for the reasons indicated above, it is unnecessary to consider other exclusionary clauses relied upon by it or to review the judgment granting it judgment on the pleadings.

*Appeals from judgments granting summary judgment to Horne, Georgia Casualty, and the Ports Authority dismissed. Judgment granting summary judgment to Liberty Mutual affirmed. Clark, J., concurs. Deen, J., concurs in the judgment only.*

ARGUED SEPTEMBER 14, 1972—DECIDED OCTOBER 5, 1972—
REHEARING DENIED OCTOBER 26, 1972.

*Adams, Adams, Brennan & Gardner, Edward T. Brennan*, for appellant.

*Corish, Smith, Remler & Moore, Malberry Smith, Jr., Pierce, Ranitz, Berry, Mahoney & Forbes, Dennis Pierce, Morton G. Forbes, Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, Spencer Connerat, Jr.*, for appellees.

DEEN, Judge, concurring in the judgment only. It is well established that where a plaintiff sues only one of two joint and several tortfeasors, the defendant may implead the other alleged tortfeasor in order to enforce his claim for contribution, prior to judgment and prior to trial. *F. H. Ross & Co. v. White,* 224 Ga. 324 (161 SE2d 857); *Gosser v. Diplomat Restaurant,* 125 Ga. App. 620 (188 SE2d 412); *Code Ann.* § 81A-114. This of course carries the implication that any dissatisfied party may appeal at the proper time from rulings adversely affecting it, including rulings which would otherwise adversely affect its right of contribution against the other tortfeasor in the event of an adverse final judgment.

The difference between such cases and the present one is that here the plaintiff elected to sue both defendants jointly so that there was no need for a third party action to get all alleged tortfeasors before the court. We are here holding that in such a case Defendant One cannot complain if a summary judgment is granted to Defendant Two. But what happens if Defendant One receives an adverse verdict and judgment on trial and thereafter seeks contribution? "[W]hen an impleaded joint tortfeasor is dismissed from an action in which no issue of contribution was raised between the defendant and the third party, the judgment is not *res judicata* on the issue of contribution between the defendant and a third party." 3 Moore's Federal Practice (2d Ed.) p. 476, citing Bakula v. Schwab, 167 Wis. 546 (168 NW 378). The defendant cannot be bound by any judgment from which he is denied an appeal. No *res judicata* could be pleaded if, after paying the judgment, he elected to sue Defendant Two. To this extent we seem to have subverted the purpose of the Civil Practice Act to try the whole case at one time, although I would agree that if so the remedy would lie with the legislature and not this court.

I am inclined to think however that the legislature may have in fact taken care of the situation when in Ga. L. 1972, p. 132, it amended the statute on contribution by

providing that "without the necessity of being charged by suit or judgment, the right of contribution . . . shall continue unabated," and that this statute accelerates the right of action in cases of joint defendants just as *Code Ann.* § 81A-114 does in third-party actions. Since, however, the amendment is not before us and the statement in the majority opinion (p. 443) that it would not have this effect is obiter, I should like to reserve judgment on this issue.