## 52635. DODGE TRUCKS, INC. et al. v. WILSON.

SMITH, Judge.
Johnny Wilson, for the use of Canal Insurance Company, brought a complaint against Dodge Trucks, Inc., and Chrysler Corporation, dealer and manufacturer respectively, seeking recovery in three counts for the amount of a settlement paid by Canal Insurance Company in separate actions brought against Wilson and his employee by several parties, as the result of a collision which occurred June 16, 1971, between a Dodge truck driven by Wilson's employee and an automobile occupied by these several parties and driven by one of them. The truck driven by the employee on that occasion had been purchased from Dodge Trucks, Inc., and manufactured by

Chrysler Corporation. The complaint alleged that a settlement was effected of the above suits against Wilson and Canal paid the amount of the settlement in the aggregate amount of $26,000. It was also alleged the truck was sold pursuant to warranties by Dodge Trucks, Inc., and Chrysler Corporation; that the truck was merchantable and fit for the particular purpose of heavy duty hauling. Defects were alleged as to the brakes and lateral alignment and suspension of the forward drop axle, as constituting a breach of the warranties which were alleged to be the direct and proximate cause of the above collision. The complaint, in addition to alleging the above facts, the details of the collision, and the breach of the warranty, also alleged that Dodge Trucks, Inc. was advised of the pendency of the aforesaid lawsuits and invited to participate in and assume the defense of these cases, as well as being advised of its potential exposure and liability to the plaintiff herein for any damages sustained in connection with the aforesaid lawsuits by the plaintiff in the present action; and that Dodge Trucks, Inc. denied liability and refused to participate in the defense or settlement of these lawsuits; and that Canal Insurance Company paid $26,000 on behalf of its insured, Johnny Wilson. All of these allegations were incorporated in the respective counts of the complaint. Count 1 further alleged that the payments made by Canal Insurance Company were reasonably made to terminate the exposure of the insured, Johnny Wilson, which exposure was occasioned and proximately resulted from the injuries suffered by the claimants, in the prior suits, as the result of the breach of various warranties by Dodge Trucks, Inc., et al. and that incidental and consequential damages for breach of warranties was included in the amount of $26,000 paid in settlement of the above claims, and prayed for judgment in that amount together with reasonable attorney fees. Counts 2 and 3 were based upon negligence, Count 2 being against Dodge Trucks, Inc., and Count 3 being against Chrysler Corporation. The defendants moved for summary judgment on all counts. The trial judge granted summary judgments as to Counts 2 and 3, based upon negligence, and overruled the motion for summary judgment as to Count 1 of the complaint.

Upon application to this court, the appeal as to the denial of summary judgment as to Count 1 was granted.

1. As stated by the appellant, the sole question here is whether this action for contribution and indemnity (even though Count 1 is couched as an action for breach of warranty seeking recovery of sums paid in settlement of actions against the appellee Wilson as the result of such breach) is maintainable in the absence of a judgment against Wilson.

Code § 105-2012, prior to the Act of 1966 (Ga. L. 1966, pp. 433, 434) read: "If a judgment is entered jointly against several trespassers and is paid off by one, the others shall be liable to him for contribution." The Act of 1966, numbered the original section as subsection "(2)" and added a subsection "(1)" reading as follows: "Where the tortious act does not involve moral turpitude, contribution among several may be enforced just as if they had been jointly sued." It was the common law rule that there was no right of contribution between joint tortfeasors, and one joint tortfeasor was not entitled to contribution from another who had paid off a joint judgment against them; and this rule still exists except as modified by Code §§ 105-2011 and 105-2012. See *Chattahoochee Brick Co. v. Braswell,* 92 Ga. 631, 633 (18 SE 1015); *City of Rome v. Southern R. Co.,* 47 Ga. App. 489, 493 (170 SE 695). The Act of 1966, amending Code § 105-2012 was held not to change the rule that a judgment must first be obtained. See *Hangar Cab Co. v. City of Atlanta,* 122 Ga. App. 661 (178 SE2d 292). It follows therefore that prior to the Act of 1972 (Ga. L. 1972, p. 132, which added to subsection (1) the following sentence: "Without the necessity of being charged by suit or judgment, the right of contribution from another or others shall continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property or for wrongful death, and release therefrom,") no right of contribution or indemnity arose under Georgia law until a judgment was entered against the party claiming contribution. See in this connection *Terrell v. Stevenson,* 97 Ga. 570, 572 (25 SE 352); *Hangar Cab Co. v. City of Atlanta,* 122 Ga. App. 661, 662, supra; *Thornhill v. Bullock,* 118 Ga. App. 186, 188

(162 SE2d 886); *Hospital Authority v. Gray,* 123 Ga. App. 415, 416 (181 SE2d 299). Since the Act of 1972, supra, it has been held that the prior law applies to all incidents, injuries or claims arising prior to the effective date of the Act of 1972, supra, that is March 7, 1972. Therefore, the 1972 Act, supra, relieving the party claiming contribution of the necessity of having a judgment obtained against him, has no application to the present case. See *Southern R. Co. v. A. O. Smith Corp.,* 134 Ga. App. 219 (213 SE2d 903); *Rite Diet Feeds, Inc. v. Central of Ga. R. Co.,* 136 Ga. App. 14 (220 SE2d 22).

2. Appellee contends that he is not seeking contribution or indemnity but is merely asserting an action for breach of warranty under Code § 109A-2—715 which he claims modified Code § 105-2012 as it stood prior to the Act of 1972. We find nothing in Code § 109A-2—715 that militates against the above rulings, or that, prior to the Act of 1972, relieved one claiming contribution and indemnity from having a judgment against him before he could recover against the party from whom contribution or indemnity is sought.

While we might concede that had appellee suffered personal injury to himself or damage to his property as the result of a breach of warranty, he might proceed directly against the defendants; here, however, he is asserting a right of action over and against the defendants for the cost to him of settling damages received by others (not members of his family or household or guests to whom the manufacturer might be directly liable under Code §§ 109A-2—318 and 105-106) who asserted claims against him and his servant. Regardless of what he may name it, it is an action for contribution or indemnity.

By his notice to the appellants in the action brought against him and which he settled, appellee was apparently seeking by the device of vouchment to make the appellants liable over to him. Under vouchment, the vouchee is bound by the *judgment* if a right over is established. Code § 38-624. Under this procedure the right over is established by a separate action against the vouchee for contribution or indemnity whether the relationship be contractual or noncontractual. See *Central of Ga. R. Co. v. Macon R. &c. Co.,* 9 Ga. App. 628

(2) (71 SE 1076). Here again the necessity of a judgment is apparent.

Appellee relies on Safeway Stores v. L. D. Schreiber Cheese Co., 326 FSupp. 504, which he contends is authority that he may proceed without a judgment being first obtained. In that case a third-party action (based on warranty) was brought by the defendant as third-party plaintiff.

After judgment against the third-party plaintiff, a right of action over was established against the third-party defendant based on a breach of warranty. We find nothing in that case that authorizes the action in Count 1 of the complaint here.

We conclude therefore that the trial court erred in overruling the motion for summary judgment as to Count 1 of the complaint.

*Judgment reversed. Marshall and McMurray, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1976 — DECIDED NOVEMBER 12, 1976 — REHEARING DENIED DECEMBER 14, 1976 — 

*Neely, Freeman & Hawkins, Andrew M. Scherffius,* for appellants.

*Hurt, Richardson, Garner & Todd, J. Robert Persons,* for appellee.