64623. MARCHMAN & SON, INC. et al. v. NELSON et al.

McMURRAY, Presiding Judge.

In the case sub judice, appellants Marchman & Son, Inc. and John H. Cowart, Inc. were the plaintiffs, and appellees David Nelson and Steve Arthur were defendants in the trial court. The record discloses the final status of only two of the three defendants/appellees and the third defendant/appellee, DeKalb County, although included in the caption of the case, is ignored by appellants in their brief (except in the caption) and is otherwise omitted from the appellate record. Therefore, we shall disregard DeKalb County as a party in the case sub judice.

On August 14, 1973, certain landowners brought suit in Fulton County against certain upper riparian landowners and developers and contractors involved in construction on that upper riparian land. The two appellees herein considered, David Nelson and Steve Arthur, were among the defendants named in that suit. Appellants were not party to that suit. On February 4, 1974, appellees here were granted summary judgment in that suit. The lawsuit was apparently dismissed thereafter.

On October 24, 1974, the action was refiled in DeKalb County. (The propriety of this has not been challenged.) The parties included seven plaintiffs, five of whom had been plaintiffs in the Fulton County suit, and ten defendants, six of whom had been defendants in the Fulton County suit (including appellees David Nelson and Steve Arthur). Included among the four added defendants were the two appellants here (and the third appellee, Dekalb County).

Seven of the ten defendants (including appellants, but not appellees) settled with the plaintiffs. The suit was thereafter dismissed *with prejudice* as to *all defendants.*

On July 24, 1981, appellants Marchman & Son, Inc. and John H. Cowart, Inc. (again, who were two of the ten defendants in the

dismissed DeKalb County suit and were two of the seven defendants who joined in the settlement with the plaintiffs there) filed suit in DeKalb County against appellees David Nelson, Steve Authur and DeKalb County (again, who also were defendants in the earlier DeKalb County suit, but had not settled with the plaintiffs), seeking contribution in regard to the settlement. Appellants alleged that they paid more than their pro rata share in the settlement, that appellees were joint tortfeasors and therefore appellants were entitled to pro rata contribution from appellees. Appellees David Nelson and Steve Arthur moved for summary judgment, asserting, among other grounds, that the dismissal of the underlying action with prejudice barred any claim for contribution by appellants. The trial court granted the motions for summary judgment (without specifying the grounds). Appellants challenge the granting of the motions for summary judgment, asserting that Code Ann. § 105-2012 (Ga. L. 1966, p. 433; 1972, p. 132) grants them the right of contribution under these circumstances. *Held:*

1. Code Ann. § 105-2012, supra, (now OCGA § 51-12-32, effective November 1, 1982) provides in pertinent part: "(1) Where the tortious act does not involve moral turpitude, contribution among several trespassers may be enforced just as if they had been jointly sued. Without the necessity of being charged by suit or judgment, the right of contribution from another or others shall continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property or for wrongful death, and release therefrom." The latter sentence was added by the 1972 amendment. It was added apparently to statutorily overrule in part the line of cases holding broadly that no right of contribution exists until a judgment is entered. See, e.g., *Hospital Auth. of Emanuel County v. Gray,* 123 Ga. App. 415, 416 (1) (181 SE2d 299); *Hangar Cab Co. v. City of Atlanta,* 122 Ga. App. 661, 662 (178 SE2d 292); *Thornhill v. Bullock,* 118 Ga. App. 186, 188 (2) (162 SE2d 886). See also *Lewis Card & Co. v. Liberty Mut. Ins. Co.,* 127 Ga. App. 441, 442 (1) (193 SE2d 856).

In light of the 1972 amendment to Code Ann. § 105-2012, supra, a division of this court disapproved in dicta the holdings of these cases, but only as they related to third party actions. *McMichael v. Georgia Power Co.,* 133 Ga. App. 593, 595 (1) (211 SE2d 632). In that case, this court cited with approval the 1973 case of *Maxwell Bros. of Athens, Inc. v. Deupree Co.,* 129 Ga. App. 254, 255 (1) (199 SE2d 403), in which it was stated that, "the right to *obtain* contribution does not arise until a judgment is entered [cit.] but if such right *may* arise the third party action can be maintained. . . ."

Because the case sub judice is a direct action for contribution

rather than a third party action, we need not concern ourselves with the latter part of this statement. The part which states "the right to *obtain* contribution does not arise until a judgment is entered" is that which is pertinent. We find that this statement is sound in principle. It is only by a judgment rendered by a court of law that the label "trespasser" or "tortfeasor" can be legally applied to a person. In other words, until a person is adjudged a tortfeasor, he is not one. It follows that before one tortfeasor can claim a right of contribution from another tortfeasor, that other must be so adjudged a tortfeasor. See *Georgia Southern & Florida R. Co. v. Odom,* 152 Ga. App. 664, 668 (8) (263 SE2d 469).

This is not inconsistent with Code Ann. § 105-2012, supra. We interpret that statute as preventing one defendant from losing his potential right to contribution from another defendant or a third party defendant just because he reaches a settlement with the plaintiff prior to judgment. See *Dodge Trucks v. Wilson,* 140 Ga. App. 743, 746 (231 SE2d 818). Code Ann. § 105-2012 (1), supra, operates to preserve his claim to a right to contribution until that right matures when the other defendant or third party defendant is adjudged liable to the plaintiff. (Code Ann. § 105-2012 (2), supra, provides the right of contribution when judgment has been entered jointly against several tortfeasors and is paid off by one.)

Applying these principles to the facts and issue in the case sub judice, we find that appellants have no right to contribution from appellees. Appellants committed their fatal error when, after they settled with plaintiffs in the underlying suit, they allowed the case to be dismissed *with prejudice* as to *all defendants* (including, of course, appellees). Had the case not been dismissed with prejudice as to the remaining defendants and proceeded instead to an adjudication of liability against them, Code Ann. § 105-2012 (1), supra, would have preserved appellants' right to pro rata contribution from them. However, the dismissal of the case with prejudice foreclosed any possibility of appellees being adjudged liable in tort to the plaintiffs. See *Rowland v. Vickers,* 233 Ga. 67, 68 (209 SE2d 592), revg. 131 Ga. App. 121 (205 SE2d 503).

Because appellees cannot be found to be tortfeasors in regard to the plaintiffs in the underlying suit, it follows that they cannot be found to be joint tortfeasors with appellants. Since appellants only have a right of contribution from their joint tortfeasors, it follows further that they have no right of contribution from appellees. Therefore, we hold that the trial court correctly granted summary judgment in favor of appellees on the basis that the dismissal with prejudice of the underlying tort suit barred the subsequent suit for contribution.

2. Appellants also assert that the trial court erred in denying their motion for leave to amend the complaint by adding a party defendant. The desired new party was a stranger to the series of proceedings. In light of the fact that the party was never adjudged a tortfeasor, appellants have no right of contribution from the party (see Division 1, supra) and therefore the court did not abuse its discretion in refusing to allow appellants to add the party to the action.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED FEBRUARY 1, 1983 —
REHEARING DENIED MARCH 9, 1983 — 

*Sergio Alvarez-Mena III, Samuel P. Pierce, Jr.,* for appellants.
*Platon P. Constantinides, George P. Dillard,* for appellees.