314 Ga. 1
FINAL COPY

S21G0764.  JOYNER et al. v. LEAPHART et al.

ELLINGTON, Justice.

In *Joyner v. Leaphart*, 358 Ga. App. 383 (853 SE2d 407) (2021),

the Court of Appeals affirmed the trial court's order dismissing with

prejudice Vanessa and Brock Joyner's wrongful death action against

defendants Dr. Lynn Leaphart and MPPG, Inc. ("MPPG"), in

accordance with the "two-dismissal rule" of OCGA § 9-11-41 (a) (3)[1]

following the Joyners' voluntary dismissal of two later-filed actions.

In Division 2 of its opinion, the Court of Appeals held that, even

though the Joyners' second and third actions were filed against

defendants who were not sued in the original, pending action, the

two-dismissal rule nevertheless applied, and the second voluntary

dismissal operated as an adjudication on the merits requiring the

dismissal of the action against Leaphart and MPPG. See *Joyner*, 358

---

[1] OCGA § 9-11-41 (a) (3) provides: "A dismissal under this subsection is without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits."

Ga. App. at 384-385 (2). We granted the Joyners' petition for a writ of certiorari to consider the following question:

> Did the Court of Appeals err in holding that the two-dismissal rule, see OCGA § 9-11-41 (a) (3), applies to the second voluntary dismissal of an action, regardless of the parties named as defendants therein?

As explained below, we answer this question in the affirmative. Therefore, we reverse Division 2 of the opinion of the Court of Appeals, vacate the remainder of the opinion, and remand the case for further proceedings consistent with this opinion.

1. *Procedural background.* After their newborn son died in a Savannah hospital, the Joyners decided to bring a wrongful death action. On August 17, 2016, the Joyners filed a complaint in the State Court of Fulton County, naming Leaphart, several nurses, and several corporate entities as defendants.[2] Upon determining that Chatham County was a more convenient forum for the litigation, the

---

[2] The defendants named in the first action are: Memorial Health, Inc.; Memorial Health Corporate Services, Inc. d/b/a Memorial Health University Medical Center ("MUMC") d/b/a Savannah Memorial Hospital; Savannah Perinatology Associates, Inc.; Memorial Health University Medical Center and Diagnostics Systems, Inc.; Dr. Laura Marion; Dr. Lynn Leaphart; Ginger Thompson, RN; Sarah Bowers, RN; and John Does 1-10. The trial court characterized some of these corporate entities as "non-existent."

Fulton County State Court transferred the action to the State Court of Chatham County. Within a few months of filing the original action, the Joyners decided to also sue Memorial Health University Medical Center, Inc. ("Memorial," the nurses' employer), and MPPG (Leaphart's employer). Instead of seeking to add these defendants to the original action then pending in Chatham County, the Joyners filed two new actions in Fulton County: the first against Memorial on November 23, 2016,[3] and the second against MPPG on December 21, 2016. Neither defendant was sued in the original action.[4] The Joyners contend they did this because their attorneys were in Atlanta, electronic filing was not yet available in the State Court of Chatham County, and they believed their claims were about to become time-barred. The complaints filed in each of the three civil actions arose from the same events surrounding the infant's death,

---

[3] Memorial is not a party to this appeal.

[4] Only Memorial is named as a defendant in the second action, and only MPPG is named as a defendant in the third action. The Joyners insist that neither Memorial nor MPPG was named as a defendant in the first action, though some of the corporate names appear similar. In its dismissal order, the trial court's analysis assumes that neither Memorial nor MPPG had been named in the complaint which initiated the original action.

made similar allegations of negligence, and posed similar claims for relief. However, each complaint sought relief from different defendants.[5]

The Chatham County court entered a consent order on April 26, 2017, which authorized the Joyners to file an amended complaint adding Memorial and MPPG as defendants in the original action. Then on May 5, 2017, before adding Memorial and MPPG to the Chatham County action, the Joyners dismissed the Fulton County actions — the lawsuit against Memorial first and, a few minutes later, the lawsuit against MPPG. On October 12, 2017, Leaphart and MPPG moved to dismiss the Chatham County action, invoking the two-dismissal rule of OCGA § 9-11-41 (a) (3) and arguing that the Joyners' notices of voluntary dismissal in the two later-filed Fulton County actions resulted in an adjudication on the merits of the claims against Leaphart and MPPG, requiring their dismissal from

---

[5] The record shows that, in support of their wrongful death cause of action, the Joyners asserted claims against Leaphart for medical malpractice. The Joyners sued Memorial and MPPG for negligence, gross negligence, tortious acts and omissions, and negligent hiring, supervision, retention, credentialing, re-credentialing, and entrustment.

4

the pending Chatham County action on res judicata grounds.

Before ruling on the motion to dismiss, the Chatham County court stayed the action so the Joyners could move to withdraw or to set aside their voluntary dismissals of the Fulton County actions. The Fulton County court denied the Joyners' motions. The Joyners appealed, but the Court of Appeals dismissed the appeal as untimely and for failure to follow the discretionary appeal procedure. The Chatham County court then lifted its stay, granted the motion to dismiss, and entered a final judgment in favor of defendants Leaphart and MPPG, which the Court of Appeals affirmed. See *Joyner*, 358 Ga. App. at 384 (1).

The Court of Appeals stated that OCGA § 9-11-41 is the statute governing voluntary dismissals and that "'the filing of a second notice of (voluntary) dismissal operates as an adjudication upon the merits.'" *Joyner*, 358 Ga. App. at 384 (2) (quoting OCGA § 9-11-41 (a) (3)). According to the Court of Appeals, "before amending the Chatham County lawsuit to add [Memorial and MPPG], the Joyners made their fatal mistake. In what appears to have been intended as

5

a step in implementing the parties' agreement, they voluntarily dismissed the two Fulton County lawsuits." Id. at 384 (1). The Court of Appeals reasoned:

> "[U]nder OCGA § 9-11-41 (a) (3), a plaintiff who has voluntarily dismissed a complaint two times is barred by the res judicata effect of that provision from" pursuing a third complaint. *Cracker Barrel Old Country Store v. Robinson*, 341 Ga. App. 285, 286 (800 SE2d 372) (2017). That rule "applies when an action seeking recovery on the same claim was brought and dismissed twice, regardless of the parties named as defendants." *Walker v. Mecca*, 320 Ga. App. 142, 143 (739 SE2d 450) (2013). Presiding Judge Barnes concurred fully and specially in *Walker*, acknowledging that the holding we reaffirmed in that case was compelled by the "language and structure of OCGA § 9-11-41" but urging "the General Assembly [to] amend OCGA § 9-11-41 so that the 'two dismissal' rule applies only to the same or substantially the same defendant." *Walker*, 320 Ga. App. at 144 (Barnes, P. J., concurring fully and specially). She urged that so limiting the rule would be consistent with the commonly understood public policy behind the rule: preventing harassment of a defendant with repeated lawsuits. Id. at 145. And she urged that "application of the 'two dismissal' rule to unrelated defendants is inconsistent" with our understanding of the closely related renewal statute, OCGA § 9-2-61 — that "the second-filed suit must involve the same or 'substantially identical' defendants for the privilege of renewal to be exercised." Id. at 146.

*Joyner*, 358 Ga. App. at 384-385 (2). Applying this rationale and its precedent, and noting that the General Assembly had not amended

6

OCGA § 9-11-41 (a) (3) as Presiding Judge Barnes urged in *Walker*, the Court of Appeals held that "the rule that a second notice of voluntary dismissal of the same claim operates as an adjudication upon the merits, regardless of the parties named as defendants, remains the law[,]" and affirmed the trial court's dismissal order. *Joyner*, 358 Ga. App. at 385 (2).

    2. *Analysis.*

    (a) *The two-dismissal rule.* OCGA § 9-11-41 (a),[6] which governs

---

[6] OCGA § 9-11-41 (a) provides:

    (a) **Voluntary dismissal; effect:**

        (1) **By plaintiff; by stipulation.** Subject to the provisions of subsection (e) of Code Section 9-11-23, Code Section 9-11-66, and any statute, an action may be dismissed by the plaintiff, without order or permission of court:

            (A) By filing a written notice of dismissal at any time before the first witness is sworn; or

            (B) By filing a stipulation of dismissal signed by all parties who have appeared in the action.

        (2) **By order of court.** Except as provided in paragraph (1) of this subsection, an action shall not be dismissed upon the plaintiff's motion except upon order of the court and upon the terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him or her of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

        (3) **Effect.** A dismissal under this subsection is

7

voluntary dismissals, provides that filing a second notice of dismissal of an action operates as an adjudication upon the merits of that action. See OCGA § 9-11-41 (a) (3). The plain text of the statute provides that the two-dismissal rule applies to actions, not to claims. This was not always the case.

In 1966, the General Assembly enacted the Civil Practice Act. See Ga. L. 1966, pp. 609-691.[7] The first iteration of the voluntary

---

without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits.

[7] Prior to the passage of the Civil Practice Act, Georgia statutes governing voluntary dismissals did not limit the number of times a plaintiff could voluntarily dismiss an action. Rather, a plaintiff had a qualified right to dismiss an action as long as it did not result in prejudice to the defendant. See Ga. Code of 1933 § 3-510 ("The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant, and if done in term time, the clerk of court or justice of the peace shall enter such dismissal on the docket. After a plea of set-off or otherwise shall have been filed, the plaintiff may not dismiss his action so as to interfere with said plea, unless by leave of the court on sufficient cause shown, and on terms prescribed by the court. (Act 1843, Cobb, 475.)"); Ga. Code of 1910 § 5548 ("A petitioner may dismiss his petition at any time, either in term or vacation, so that he does not thereby prejudice any right of the defendant. If claims by way of set-off or otherwise have been set up by the answer, the dismissal of the petition shall not interfere with the defendant's right to a hearing and trial on such claims in that proceeding."). See also Ga. Code of 1933 § 3-808 ("If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this section. (Act 1847, Cobb, 569. Acts 1855-6, p. 235.)"). These early statutes

8

dismissal rule provided in pertinent part that "[a] dismissal under this paragraph is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court *an action based on or including the same claim*." (Emphasis supplied.) Ga. L. 1966, p. 653, § 41 (a). Then, in 1985, the General Assembly repealed and replaced OCGA § 9-11-41 (a). See Ga. L. 1985, pp. 546-547, §§ 1-2. The new subsection (a) did not include the language "an action based on or including the same claim," and provided that "[a] dismissal under this subsection is without prejudice, except that the filing of a third

derived in part from the common law. See *Hosp. Auth. of Emanuel County v. Gray*, 123 Ga. App. 415, 417 (1) (181 SE2d 299) (1971) (Pannell, J., concurring specially) (discussing how § 5548 of the Georgia Code of 1910 "was derived in part from a blending of the common law rule and the statute law rule"). At common law, a plaintiff could voluntarily withdraw an action, so long as it did not prejudice the defendant or amount to a renunciation of the plaintiff's cause of action. The qualified right of a plaintiff to unilaterally and voluntarily withdraw an action without prejudice (as opposed to making a "retraxit," which was an open, public, and voluntary renunciation by the plaintiff of his cause of action) had been a long-standing tradition of the common law. See *Harvey v. Boyd*, 24 Ga. App. 561, 561 (101 SE 708) (1919) ("At common law a retraxit differed from a voluntary withdrawal by the plaintiff of his action, in that a retraxit terminated both the action and the right of action, while such a withdrawal terminated the action only, leaving in the plaintiff the right to recommence his suit upon the same alleged right. The pending action was dismissed as effectively by the one as by the other. Neither could be entered except in open court, nor even then without leave of the court, nor at all if it worked prejudice to any other party, either defendant or [co-plaintiff].").

notice of dismissal operates as an adjudication upon the merits." Id. at pp. 546-547, § 1 (codified as OCGA § 9-11-41 (a) (1985)). Finally, in 2003, the General Assembly amended the voluntary dismissal rule so that it applied to a second, instead of a third, notice of dismissal. See Ga. L. 2003, p. 824, § 4 (codified as OCGA § 9-11-41 (a) (3)).

The General Assembly has not amended the two-dismissal rule to reinstate the "same claim" language, and the current rule thus provides that "[a] dismissal [of an action] *under this subsection* is without prejudice, except that the filing of a second notice of dismissal [of an action] operates as an adjudication upon the merits." (Emphasis supplied.) OCGA § 9-11-41 (a) (3). The language "this subsection" references subsection (a), which, in turn, provides for the voluntary dismissal by a plaintiff of "an action," making it clear that the General Assembly meant the two-dismissal rule to apply to the plaintiff's entire action, not to individual claims.[8] As

---

[8] In contrast, OCGA § 9-11-41 (d), which pertains to the payment of costs of a previously dismissed action, provides: "If a plaintiff who has dismissed an action in any court commences an action based upon or including the same

10

used in Title 9, an "action" is simply "the judicial means of enforcing a right." OCGA § 9-2-1 (1). Thus, in considering whether to grant Leaphart and MPPG's motion to dismiss, the trial court's first step was to determine whether the Joyners had twice dismissed the same action. That does not end the inquiry, however.

Although the text of the two-dismissal rule plainly provides that the filing of a second notice of dismissal operates as an adjudication upon the merits, it does not expressly provide that a second voluntary dismissal of an action shall be conclusive as to matters in a third action or that a second dismissal of the same action has res judicata effect. See OCGA § 9-11-41 (a) (3). Put

claim against the same defendant, the plaintiff shall first pay the court costs of the action previously dismissed." This subsection does not invoke the law of res judicata. Instead, "[t]he payment of costs in the dismissed suit is a precondition to the filing of the second suit. . . . [I]f costs are not paid prior to filing then the second suit is not a valid pending action." (Punctuation omitted.) *Foster v. Bowen*, 253 Ga. 33, 34 (315 SE2d 656) (1984). This is because, unlike res judicata, "payment of costs in a dismissed action is not an affirmative defense but a jurisdictional matter which may never be waived." *Tucker v. Mitchell*, 252 Ga. 545, 545 (314 SE2d 896) (1984). Because these subsections deal with different matters, we see no merit to the appellees' argument that the General Assembly's use of the "same defendant" language in subsection (d), but not in subsection (a), indicates that subsection (a) "should be read more broadly to apply to instances in which a plaintiff dismisses his or her action twice[,] regardless of whether those dismissal[s] were against the same defendant."

11

another way, a party cannot simply plead OCGA § 9-11-41 (a) (3) as a defense in a separate action. Instead, "adjudication on the merits" is a legal term of art that invokes and is a component of the defense of res judicata. See *Western Group Nurseries v. Ergas*, 211 FSupp.2d 1362, 1368 (II) (S.D. Fla. 2002) ("The [federal] two dismissal rule does not bar a subsequent suit, but instead merely states that when the rule applies, the dismissal of the second suit operates as an adjudication on the merits; once there is an adjudication on the merits, it is the doctrine of res judicata which bars subsequent suits on the same cause of action."). Therefore, after a trial court determines that the two-dismissal rule applies and that the second voluntary dismissal results in an adjudication on the merits, the trial court must then evaluate whether that adjudication bars the third action (in this case, the pending action) by applying the law of res judicata.

(b) *Res judicata.* It is well established that, under Georgia law, "three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their

12

privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." *Coen v. CDC Software Corp.*, 304 Ga. 105, 112 (2) (816 SE2d 670) (2018). See also OCGA § 9-12-40.[9] Normally, "[f]or a former judgment to be a bar to a subsequent action, the merits of the case must have been adjudicated," OCGA § 9-12-42, and when an action is voluntarily dismissed, the court does not address its merits. But OCGA § 9-11-41 (a) (3) changes that principle for a second such dismissal, deeming it an "adjudication on the merits" as a matter of law. However, when a defendant shows that a plaintiff has filed in a court of competent jurisdiction a second notice voluntarily dismissing an action pursuant to OCGA § 9-11-41 (a), the defendant has satisfied just one of the three criteria of a res judicata defense — a previous adjudication on the merits by a court of competent jurisdiction. Thus, to obtain a dismissal of the third

_____

[9] OCGA § 9-12-40 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." Although this Code section is not a part of the Civil Practice Act, it is a part of Title 9 of the Civil Practice Code, and it predated the adoption of the Civil Practice Act. See Orig. Code 1863, § 3496.

13

action, the defendant must do more than simply assert that the plaintiff has twice voluntarily dismissed a prior action. The defendant must demonstrate that the third action is barred by the doctrine of res judicata by showing that the other two prerequisites of the res judicata defense have been satisfied. See *Fowler v. Vineyard*, 261 Ga. 454, 456-457 (2), (3) (405 SE2d 678) (1991) (determining that a voluntary dismissal with prejudice under OCGA § 9-11-41 (a) operated as an adjudication on the merits "for purposes of res judicata" and then "examin[ing] whether the prior action and the [third] action involve an identity of parties and subject matter[10]"). See also *Hedquist v. Merrill Lynch, Pierce, Fenner & Smith*, 272 Ga. 209, 211-212 (2) (528 SE2d 508) (2000) ("We hold expressly that the effect of a voluntary dismissal [with prejudice] does not extend to any party not named therein."); *Rowland v. Vickers*, 233 Ga. 67, 68 (209 SE2d 592) (1974) ("The dismissal of an action against a defendant with prejudice even when a consideration

---

[10] "[A]lthough we have occasionally been imprecise and inconsistent with the terms 'subject matter' and 'cause of action,' we have actually been looking to the 'entire set of facts which give rise to an enforceable claim' to determine whether res judicata has been triggered." *Coen*, 304 Ga. at 110 (2).

is paid by such defendant to the dismissing party, does not, as a matter of law, adjudicate all issues in the case. Such a dismissal merely means that the same plaintiff cannot again sue that same defendant on that same cause of action.").

In this case, to show that the doctrine of res judicata required that they be dismissed from the pending Chatham County action, Leaphart and MPPG had to show — in addition to an adjudication on the merits under the two-dismissal rule — that they were parties or privies in an action that had been twice voluntarily dismissed.[11] We note that Georgia law on this point is largely in accord with federal law,[12] even though Federal Rule of Civil Procedure 41 (a) (1)

---

[11] The parties do not dispute that the Joyners' cause of action for the wrongful death of their newborn son is the same in each action.

[12] See, e.g., *American Cyanamid Co. v. Capuano*, 381 F3d 6, 17 (II) (B) (1st Cir. 2004) ("The 'two dismissal' rule is not applicable unless the defendants are the same or substantially the same or in privity in both actions." (citation and punctuation omitted)); *St. Clair Intellectual Property Consultants v. Samsung Electronics Co. Ltd.*, 291 FRD 75, 77 (II) (B) (D. Del. 2013) (The "'two dismissal' rule means that a second voluntary dismissal serves as an 'adjudication upon the merits' and the doctrine of res judicata applies."); see also Eric C. Surette, "Construction and Application of Two-Dismissal Rule Under Federal Law," 10 ALR Fed. 3d Art. 4. (II) (C) (2) § 35 (2016) (defendants must be same or substantially the same or in privity in related actions for the federal two-dismissal rule to apply); Matthew Bender, 8 Moore's Federal Practice § 41.33 [7] (2022) (operation of the federal two-dismissal rule).

includes the "same claim" language that was removed from the Georgia statute in 1985.[13] Further, the requirement that the defendants in the actions compared be the same or in privity is in accord with the law construing Georgia's renewal statute, OCGA § 9-2-61.[14] Well-settled precedent holds that, "[t]o be a good 'renewal' of an original suit, so as to suspend the running of the statute of limitations . . . , the new petition must be substantially the same both as to the cause of action and as to the essential parties." *Sheldon & Co. v. Emory Univ.*, 184 Ga. 440, 440 (1) (191 SE 497) (1937). See also *Gish v. Thomas*, 302 Ga. App. 854, 861-862 (3) (691

---

[13] Federal Rule of Civil Procedure 41 (a) (1) (B) provides: "*Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

[14] OCGA § 9-2-61 provides, in pertinent part:

(a) When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

SE2d 900) (2010) ("Long-standing and well-settled precedent establishes that in a renewal action the cause of action must be substantially the same as in the original action and there must also be a substantial identity of essential parties." (citations and punctuation omitted)).

(c) *Remand.* In holding that the Joyners' Chatham County action against Leaphart and MPPG was barred by the two-dismissal rule because it sought "recovery on the same claim [that] was brought and dismissed twice [in Fulton County], regardless of the parties named as defendants," the Court of Appeals erred. It relied on precedent from that court that erroneously held that, so long as the second voluntarily dismissed action and the pending action shared common claims, the two-dismissal rule had "res judicata effect" that required the pending action to be dismissed. Not only did this precedent fail to properly apply the law of res judicata, it applied a former version of OCGA § 9-11-41 (a) (3), a version that contained

17

the subsequently deleted "same claim" language.[15] Therefore, we reverse Division 2 of the Court of Appeals' opinion, vacate the remainder of the opinion, and remand with instruction that the case be remanded to the trial court to reconsider, in light of this opinion, Leaphart and MPPG's motion to dismiss.[16]

*Judgment reversed in part and vacated in part, and case remanded. All the Justices concur, except Colvin, J., disqualified.*

---

[15] In this case, the Court of Appeals relied on *Walker*, 320 Ga. App. at 143, which in turn relied on *Belco Elec. v. Bush*, 204 Ga. App. 811 (420 SE2d 602) (1992). *Belco*, which was decided after the 1985 statutory amendment, relied on *Harris v. Sampson*, 162 Ga. App. 241 (290 SE2d 165) (1982). *Harris* was decided under the original version of the two-dismissal rule that contained the "same claim" language. Any Court of Appeals case that holds or implies that the two-dismissal rule affords a second dismissal of an action preclusive effect, even though each of the prerequisites of the law of res judicata have not been satisfied, is hereby overruled. These cases include W*alker*, 320 Ga. App. at 143 (The two-dismissal rule has preclusive effect and "applies when an action seeking recovery on the same claim was brought and dismissed twice, regardless of the parties named as defendants.") and *Belco Elec.*, 204 Ga. App. at 815 (The two-dismissal rule "is designed to prevent a plaintiff from repeatedly filing actions for the same claim against any defendant, not only previously named defendants.").

[16] In its order granting Leaphart and MPPG's motion to dismiss, the trial court determined that the Joyners had voluntarily filed a second notice dismissing the same action, resulting in an adjudication on the merits pursuant to OCGA § 9-11-41 (a) (3). However, it did not engage in a res judicata analysis comparing the voluntarily dismissed action with the pending Chatham County action. Also, although the trial court assumed that neither Memorial nor MPPG had been named as defendants in the complaint which initiated the original action, it did not address whether Memorial or MPPG was in privity with any of the defendants sued in the Chatham County action.

18

Decided June 22, 2022.

Certiorari to the Court of Appeals of Georgia — 358 Ga. App. 383.

*JHPII, LLC, James H. Potts II, Eugene D. Butt*, for appellants.

*Oliver Maner, Andrew M. Wilkes, I. William Drought III; Hunter Maclean Exley & Dunn, Christopher W. Phillips*, for appellees.

*Crawford & Brown, Jason L. Crawford*, amicus curiae.