**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 13, 2023**

# In the Court of Appeals of Georgia

A23A0680. HINES INTERESTS LIMITED PARTNERSHIP et al.
v. WRIGHT.

BROWN, Judge.

We granted an application for interlocutory review filed by Hines Interests Limited Partnership and Hines Holdings, LLC[1] (collectively "the Hines defendants") to determine whether the trial court erred in denying their motion to dismiss a complaint filed by J. S. Wright.[2] The Hines defendants contend, *inter alia*, that

---

[1] Prior to January 1, 2021, Hines Holdings, Inc. was the general partner of Hines Interests Limited Partnership. As of January 1, 2021, Hines Holdings, Inc. was converted into Hines Holdings, LLC and withdrew as the general partner of Hines Interests Limited Partnership.

[2] The trial court granted the motion to dismiss filed by defendant Hines Management, LLC. Additionally, the trial court denied motions to dismiss filed by two other defendants in the case, Universal Protection Service, LLC ("Universal") and FSP One Ravinia Drive, LLP ("Ravinia"). We granted Universal's and Ravinia's applications for interlocutory review, but dismissed those appeals as improvidently

Wright's complaint is subject to dismissal under OCGA § 9-11-41 (a) (3), the "two-dismissal rule." For the reasons that follow, we agree and reverse.

The record reflects that on May 1, 2019, Wright, the outgoing CEO of Access Point Financial, LLC, a specialty hotel finance company, was escorted from his office at One Ravinia Drive. While Wright was sitting at his desk, five men arrived and told him that they had been instructed to remove him from the building immediately. They ordered him to pack up his belongings, which Wright quickly put in a bankers box, before the men led him through the building past employees and clients to the parking lot. Wright tripped and fell in the parking lot. Because he was holding the bankers box, he was unable to break his fall, and he injured his hip. After this incident, armed security guards were stationed in the building for a month, presumably to prevent Wright's return.

Wright filed suit on December 11, 2019 ("the First Lawsuit"), naming Ravinia, Hines Management, LLC, and John Does 1-3 as defendants. The First Lawsuit alleged claims for false light invasion of privacy and intentional infliction of emotional distress. On July 31, 2020, Wright filed a consent motion to dismiss and drop defendants Ravinia and John Does 1-3 without prejudice pursuant to OCGA § granted.

9-11-21, and the trial court granted the motion on August 3, 2020.[3] Wright then voluntarily dismissed the entire action without prejudice on January 27, 2021.

On April 30, 2021, Wright and his wife, P. R. Wright, filed a second action ("the Second Lawsuit") alleging claims for false light invasion of privacy, intentional infliction of emotional distress, assault, battery, premises liability, negligent hiring, training, supervision and retention, loss of consortium, alter ego liability, and civil conspiracy.[4] In addition to Ravinia, Hines Management, and John Does 1-3, the Wrights added defendants including John Patton, Hines Interests Limited Partnership, Hines Holdings, Inc., and Universal Protection Service, LLC d/b/a Allied Universal. The Wrights voluntarily dismissed that action without prejudice on June 24, 2021.

Wright filed a third action — the subject of these appeals — on December 22, 2021 (the "Third Lawsuit"), which names the same defendants as the second action. This complaint alleges claims for false light invasion of privacy, intentional infliction

---

[3] Although it is not entirely clear from the record, Wright notes in his appellate brief that Hines Management defaulted in the First Lawsuit, and then moved to open default. Presumably, the trial court granted the motion to open default because Wright then alleges in his brief that he voluntarily dismissed the First Lawsuit without prejudice as to Hines Management, the "sole remaining Defendant."

[4] This complaint alleges that Wright's wife of 25 years "was also removed from the office the very same day in the same dramatic and traumatic manner as was orchestrated against Mr. Wright."

3

of emotional distress, assault, battery, premises liability, negligent hiring, training, supervision and retention, alter ego liability, and civil conspiracy.[5] It also notes in a footnote that it "is a renewal action pursuant to OCGA § 9-2-61. The previously dismissed action, styled *Jon Wright v. Hines Management, LLC*, filed in Gwinnett County Superior Court, Case No. 19-A-12318-3, was timely filed within the applicable statute of limitations, and Plaintiff meets the requirements for renewal." Ravinia, Universal, and all three Hines defendants filed motions to dismiss the complaint under various Code sections, including OCGA §§ 9-2-61, 9-3-33, 9-11-4 (a) (3), and 9-11-12 (b) (6), alleging *inter alia*, that this action should be dismissed because Wright had previously filed and dismissed two actions arising out of the same cause of action: "Plaintiff's Third Complaint fails because it is Plaintiff's third attempt to bring the same claims arising out of the same underlying transaction. The two prior dismissals operate as res judicata. It does not matter that Plaintiff did not sue [Universal] in the First Action. The res judicata effect of OCGA § 9-11-41 (a) (3)

---

[5] The third complaint does not name Wright's wife as a plaintiff. Additionally, without designating it as such, Wright amended this complaint on August 15, 2022, dropping defendant Hines Management and his claims for alter ego liability and civil conspiracy. On the same day, Wright filed a motion to drop defendant Hines Management with prejudice, but it does not appear the trial court ever ruled on this motion given that it subsequently granted Hines Management's motion to dismiss.

applies to claims, not parties." Because there was a pending Supreme Court case on this issue — *Joyner v. Leaphart*, 314 Ga. 1 (875 SE2d 729) (2022) — the trial court delayed ruling on the motions to dismiss until after the Supreme Court considered that case and stayed this case pending a decision in *Joyner*. The Supreme Court issued its opinion in *Joyner* on June 22, 2022, and on August 31, 2022, after vacating its order staying this case, the trial court entered a single order granting the motion to dismiss as to Hines Management, but denying the motions as to Ravinia, Universal, and the remaining Hines defendants. The trial court certified its order for immediate review, and this Court subsequently granted the Hines defendants' application for interlocutory review. This appeal followed.

The Hines defendants contend that the trial court erred in denying their motion to dismiss because as privies of Hines Management, they are entitled to dismissal under the two-dismissal rule. We agree.

*Standard of Review*

Before we address the merits of the Hines defendants' argument, we must determine the proper standard of review. The standard of review for a trial court's order on a motion to dismiss is de novo. See *Wylie v. Denton*, 323 Ga. App. 161, 162 (746 SE2d 689) (2013). The Hines defendants moved to dismiss the complaint for

5

failure to state a claim because it is barred by OCGA § 9-11-41 (a) (3). However, because their supplemental reply brief filed in support of their motion to dismiss the complaint relied on matters outside the pleadings — namely, the affidavit of the Vice President/Associate General Counsel for Hines Interests Limited Partnership — and the trial court's order recites that it "consider[ed] the motions, Plaintiff's responses thereto, all matters of record, and the applicable and controlling law," we must determine whether the motion was converted to one for summary judgment. See *Thompson v. Avion Systems*, 284 Ga. 15, 16-17 (663 SE2d 236) (2008). See also *Lyle v. Fulcrum Loan Holdings*, 354 Ga. App. 742, n.1 (841 SE2d 182) (2020).

> When a trial court's order is ambiguous, OCGA § 9-11-12 (b) requires the reviewing court to first determine whether either party has presented matters outside the pleadings to the trial court. If no such matters are presented, then the motion is treated as a motion for dismissal. If such matters outside the pleadings have been presented, a further determination has to be made as to whether the trial court excluded them.

(Citation and punctuation omitted.) *City of Atlanta v. Burgos*, 361 Ga. App. 490, 491, n.2 (864 SE2d 670) (2021). Although the trial court's order here indicates that it is ruling on the respective motions to dismiss, it clearly considered all matters of record before denying the motions. In light of the foregoing principles, we treat the trial

6

court's order in this case as one denying summary judgment. See *Johnson v. RLI Ins. Co.*, 288 Ga. 309, 310 (704 SE2d 173) (2010) ("[a]lthough the order of the trial court is entitled 'Order Granting RLI's Motion to Dismiss,' the appealability of an order is determined, not by its form or the name given to it by the trial court, but rather by its substance and effect") (citation and punctuation omitted).

Moreover, Wright did not object to submission of the affidavit below and does not object to its consideration in this Court. We therefore conclude that he "acquiesced in the [Hines] defendants' submission of evidence in support of their motion[ ] to dismiss and also, in effect, requested that the motion[ ] be converted into [a] motion[ ] for summary judgment." (Citation and punctuation omitted.) *Thompson-El v. Bank of America, N.A.*, 327 Ga. App. 309, 310 (1) (759 SE2d 49) (2014). Indeed, when Wright filed his response to all defendants' motions to dismiss, he presented his own "matters outside the pleadings" for consideration by the trial court.[6] Our standard of review is therefore as follows:

> Summary judgments enjoy no presumption of correctness on appeal, and
> an appellate court must satisfy itself de novo that the requirements of

---

[6] As discussed infra, Wright also refers to this same evidence in arguing that the Hines defendants should be judicially estopped from asserting privity with Hines Management.

7

OCGA § 9-11-56 (c) have been met. In our de novo review of the grant or denial of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

(Citation and punctuation omitted.) *Burgos*, 361 Ga. App. at 491.

*The Two-Dismissal Rule*

OCGA § 9-11-41, which governs the dismissal of actions, provides, in pertinent part, that a voluntary dismissal of an *action* "is without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits." OCGA § 9-11-41 (a) (3). As the Supreme Court of Georgia explained in *Joyner*, "[t]he plain text of the statute provides that the two-dismissal rule applies to actions, not to claims. This was not always the case." 314 Ga. at 4 (2) (a). As the Court explained:

> In 1966, the General Assembly enacted the Civil Practice Act. See Ga. L. 1966, pp. 609-691. The first iteration of the voluntary dismissal rule provided in pertinent part that "[a] dismissal under this paragraph is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court *an action based on or including the same claim*." (Emphasis supplied.) Ga. L. 1966, p. 653, § 41 (a). Then, in 1985, the General Assembly repealed and replaced OCGA § 9-11-41 (a). See Ga.

8

L. 1985, pp. 546-547, §§ 1-2. The new subsection (a) did not include the language "an action based on or including the same claim," and provided that "[a] dismissal under this subsection is without prejudice, except that the filing of a third notice of dismissal operates as an adjudication upon the merits." Id. at pp. 546-547, § 1 (codified as OCGA § 9-11-41 (a) (1985)). Finally, in 2003, the General Assembly amended the voluntary dismissal rule so that it applied to a second, instead of a third, notice of dismissal. See Ga. L. 2003, p. 824, § 4 (codified as OCGA § 9-11-41 (a) (3)). The General Assembly has not amended the two-dismissal rule to reinstate the "same claim" language, and the current rule thus provides that "[a] dismissal [of an action] *under this subsection* is without prejudice, except that the filing of a second notice of dismissal [of an action] operates as an adjudication upon the merits." (Emphasis supplied.) OCGA § 9-11-41 (a) (3). The language "this subsection" references subsection (a), which, in turn, provides for the voluntary dismissal by a plaintiff of "an action," making it clear that the General Assembly meant the two-dismissal rule to apply to the plaintiff's entire action, not to individual claims. As used in Title 9, an "action" is simply "the judicial means of enforcing a right." OCGA § 9-2-1 (1).

(Footnotes omitted.) Id. at 5-6 (2) (a). Thus, when faced with a motion to dismiss under the two-dismissal rule, the trial court must first determine whether the plaintiff has twice dismissed the same action. But this does not end the inquiry. As the Supreme Court of Georgia held in *Joyner*, "after a trial court determines that the

9

two-dismissal rule applies and that the second voluntary dismissal results in an adjudication on the merits, the trial court must then evaluate whether that adjudication bars the third action (in this case, the pending action) by applying the law of res judicata." Id. at 7 (2) (a).

"It is well established that, under Georgia law, three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." (Citation and punctuation omitted.) *Joyner*, 314 Ga. at 7 (2) (b). See also OCGA § 9-12-40 ("[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside"). In his brief below and in his appellate brief, Wright concedes, and we agree, that the Hines defendants have established prongs one and three. Accordingly, we consider only the second prong, identity of the parties or their privies.

> A privy is generally defined as one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. There is no definition of "privity" which can be

10

automatically applied to all cases involving the doctrines of res judicata and collateral estoppel, since privity depends upon the circumstances. Privity may be established if the party to the first suit represented the interests of the party to the second suit.

(Citations and punctuation omitted.) *ALR Oglethorpe, LLC v. Henderson*, 336 Ga. App. 739, 743-744 (1) (b) (783 SE2d 187) (2016) (physical precedent only). See also *Brown & Williamson Tobacco Corp. v. Gault*, 280 Ga. 420, 421-422 (1) (627 SE2d 549) (2006).

In this case, the First Lawsuit named Hines Management as a defendant and was voluntarily dismissed without prejudice by Wright. The Second Lawsuit named Hines Management, Hines Interests, and Hines Holdings as defendants and was voluntarily dismissed by Wright. The Third Lawsuit names Hines Management, Hines Interests, and Hines Holdings as defendants. As set out above, the Third Lawsuit references the First Lawsuit and contends it is a renewal of the First Lawsuit brought pursuant to OCGA § 9-2-61. The factual allegations in the Second and Third Lawsuits are nearly identical, though as noted in footnote 5, supra, Wright amended his complaint in the Third Lawsuit on August 15, 2022, and dropped his claims for alter ego liability and civil conspiracy.

11

The Hines defendants contend that they are privies with Hines Management for purposes of res judicata. In support of this claim, they cite to the affidavit of the Vice President/Associate General Counsel for Hines Interests Limited Partnership, who averred that Hines Interests Limited Partnership is the sole member of Hines Management, LLC, and that at the time of the incident at issue, Hines Holdings, Inc. was the general partner of Hines Interests Limited Partnership. Much of Wright's argument in response is difficult to decipher and we will not attempt to do so, except to point out his general response that his claims are not barred by the two-dismissal rule because the Hines defendants have only been dismissed without prejudice once and therefore cannot rely on the dismissal of the First Lawsuit in which they were not a party or in privity with any party.[7]

The parties have not pointed us to any cases involving privity and the specific relationships at issue here, but our research has revealed a federal case holding that "the wholly-owned subsidiary and partnership in which that subsidiary is the general partner may invoke the two dismissals of the subsidiary's parent" and claim res judicata for purposes of the federal two-dismissal rule. *Lake at Las Vegas Investors*

---

[7] Because the two-dismissal rule applies to actions and not to claims, Wright's arguments based on specific claims, i.e., civil conspiracy and alter ego, are without merit.

*Group v. Pacific Malibu Dev. Corp.*, 933 F2d 724, 728 (II) (9th Cir. 1991). See also

*Zlatkin v. Merit Energy Co.*, 2018 WL 521974, at *8 (II) (D) (Mich. Ct. App. Jan. 23,

2018) (where "partnership defendants were either direct or indirect subsidiary entities

of corporate defendant . . . they were entitled to the protection of [the federal two-

dismissal rule] and res judicata") (punctuation omitted); *Fike v. DBSI, Inc.*, 2013 WL

6729250, at *3 (I) (Ariz. Ct. App. Dec. 19, 2013) (res judicata precludes any claim

against the related entities arising from the same set of facts). Cf. *McCumber v.*

*Petroleum Svcs. Group*, 333 Ga. App. 459, 461-462 (1) (773 SE2d 802) (2015)

(physical precedent only) (concluding that owners of a limited liability company were

in privity with that company for purposes of collateral estoppel and that the trial court

correctly granted summary judgment against the owners). We conclude similarly and

find that as related entities, the relationship between Hines Management and the two

Hines defendants "is sufficient to render them 'substantially the same' for purposes

of [the two-dismissal rule]." *Lake at Las Vegas*, 933 F2d at 728 (II). See also *Joyner*,

314 Ga. at 8-9 (2) (b). Because Wright twice voluntarily dismissed his complaint

against Hines Management, and because the Hines defendants are in privity with

Hines Management based on the record evidence, the two-dismissal rule applies.

Accordingly, the trial court erred in denying summary judgment to the Hines defendants and we reverse that decision.

We find no merit in Wright's contention that the Hines defendants should be "judicially estopped from asserting privity with Hines Management, LLC after submitting sworn affidavits in the First [Lawsuit] that Hines Management *had nothing to do with this action, [Wright], or the property.*" (Emphasis in original.) In support of this contention, Wright quotes the affidavit of Evan McCord, Senior Corporate Counsel for Hines Interests, which was filed in support of Hines Management's motion to open default in the First Lawsuit. In that affidavit, McCord states that Wright incorrectly named Hines Management as a defendant, and that it is Hines Interests which holds the management agreement with Ravinia and provided management services at the building where the alleged incident occurred. According to that affidavit, Hines Management "exists to hold several small general partnership interests in a few properties not related to the property that is the subject of this lawsuit. It has no other assets and no employees." Accordingly, Wright should have named Hines Interests as a defendant. But as the Hines defendants correctly point out, "[t]he Hines entities are not, and have not, asserted inconsistent positions." Rather,

14

when moving to open default, the Hines entities established with the court the proper party defendant. Judicial estoppel does not apply.

Judicial estoppel is an equitable doctrine that prevents a party from asserting a claim or position in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. See *New Hampshire v. Maine*, 532 U. S. 742, 749-750 (II) (121 SCt 1808, 149 LE2d 968) (2001).

> The essential function and justification of judicial estoppel is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. The doctrine is directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings and is designed to prevent parties from making a mockery of justice through inconsistent pleadings.

(Citation and punctuation omitted.) *Reynaud v. Five Oaks Dev.*, 359 Ga. App. 606, 609 (1) (859 SE2d 570) (2021). Contrary to Wright's contention, the Hines defendants have not asserted inconsistent positions; they simply asserted that Hines Management is not the proper party defendant. Wright's judicial estoppel argument is thus without merit.

15

In construing the two-dismissal rule, we point out that its purpose is "to prevent unreasonable abuse and harassment brought about by duplicative litigation by the plaintiff." (Citation and punctuation omitted.) *Beckmann v. Bank of America, N.A.*, 2015 WL 11578509, 1:14-CV-02675-ODE-JFK, at \*4 (III) (N. D. Ga., January 27, 2015). See also *American Cyanamid Co. v. McGhee*, 317 F2d 295, 297 (5th Cir. 1963) ("[t]he reason for this arbitrary limitation, pointed out in numerous decisions, is to prevent unreasonable abuse and harassment").[8] See also *Crawford v. Kingston*, 316 Ga. App. 313, 315 (1) (728 SE2d 904) (2012). Here, Wright has brought three actions, all based upon the same factual allegations. Indeed, as noted *supra*, he has conceded below that the claims in the instant action would be precluded under a res judicata analysis.

*Judgment reversed. McFadden, P. J., and Markle, J., concur*.

---

[8] As noted by the Supreme Court of Georgia in *Joyner*, Georgia law is largely in accord with federal law on this point. 314 Ga. at 8 (2) (b). Thus, in order for the two-dismissal rule to apply, the three criteria of res judicata must be met, i.e., the two-dismissal rule does not apply unless the defendants are the same or in privity in both actions. See id. at 8 (2) (b), n.12. Because Georgia law is in accord with federal law, we look to federal cases for guidance in applying the two-dismissal rule.

16